# United States Court of Appeals for the Federal Circuit

2008-3112

ALVERN C. WEED,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Morris E. Fischer, Law Office of Morris E. Fischer, of Bethesda, Maryland, argued for petitioner.

Joseph E. Ashman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief was Pamela M. Wood, Assistant Regional Counsel, Social Security Administration, of Denver, Colorado.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3112

ALVERN C. WEED,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Petition for review of the Merit Systems Protection Board in DE3443050248-I-3.

_____

DECIDED: July 13, 2009

_____

Before LINN, DYK, and PROST, <u>Circuit Judges</u>.

LINN, <u>Circuit Judge</u>.

Petitioner Alvern C. Weed ("Weed") seeks review of a decision of the Merit Systems Protection Board ("Board") finding that the Social Security Administration (the "Agency") did not willfully violate Weed's veterans' preference rights and forwarding Weed's petition for enforcement to the Denver Field Office of the Board for further adjudication. <u>Weed v. Soc. Sec. Admin.</u>, 107 M.S.P.R. 142, 143-44 (2007). Because the decision of the Board was not final, we lack jurisdiction. We therefore dismiss Weed's appeal.

## I. BACKGROUND

Weed is a veteran entitled to a ten-point compensable preference under the Veterans Employment Opportunities Act of 1998, 5 U.S.C. § 3330a. <u>Weed</u>, 107

M.S.P.R. at 144. In January 2005, the Agency posted a vacancy announcement for a Social Insurance Specialist (Claims Representative) in its Kalispell, Montana Field Office. Weed applied for the position. Id. However, instead of selecting an applicant through the competitive service, the Agency filled the vacancy through the Outstanding Scholar Program. Id. at 144, 147.

Weed appealed his non-selection to the Board. Following a hearing, an administrative judge of the Board found that the Agency "denied [Weed] a meaningful right to compete when it selected non-preference eligible candidates ahead of a compensable disabled veteran without affording [Weed] his veteran's preference rights." Weed v. Soc. Sec. Admin., No. DE-3443-05-0248-I-3, slip op. at 7 (M.S.P.B. Jan. 4, 2007) ("A.J. Op."). Specifically, applying the Board's holding in Dean v. Department of Agriculture, 99 M.S.P.R. 533 (2005), the administrative judge concluded that the Outstanding Scholar Program "should never be used to bypass the competitive examination process and veterans' preference laws." A.J. Op. at 7. As a remedy, the administrative judge ordered the Agency to reconstruct the selection process to determine whether Weed would have been selected had the Agency afforded him his veterans' preference rights. Id. at 8. The administrative judge also found that the Agency's violation was "willful," entitling Weed to liquidated damages. Id. at 7-8; see 5 U.S.C. § 3330c(a) ("If the Board or court determines that [an agency's] violation [of a veteran's preference rights] was willful, it shall award an amount equal to backpay as liquidated damages."). However, the administrative judge did not award liquidated damages, reasoning that:

> [l]iquidated damages, if any, are tied directly to any back pay awarded as make-whole relief. At this point, it has yet to be determined whether the

appellant is entitled to appointment to the position or whether he is entitled to back pay and, therefore, an award of liquidated damages is not appropriate at this time.

Id. at 8.

The Agency conducted the reconstruction and concluded that Weed would not have been selected even if he had been afforded his veterans' preference rights. Weed, 107 M.S.P.R. at 148. Weed petitioned the full Board for review of the administrative judge's decision, challenging the sufficiency of the Agency's reconstruction of the hiring process. Id. at 143. The Agency filed a cross-petition, arguing that the administrative judge erred by finding the Agency's actions willful. Id.

The Board granted the Agency's cross-petition and reversed the administrative judge's finding that the Agency's violation of Weed's veterans' preference rights was willful. Id. at 143-44. As to Weed's challenge to the sufficiency of the Agency's reconstruction, the full Board reasoned that "allegations of compliance not previously heard by the [administrative judge] are normally forwarded to the regional or field office that issued the initial decision" for preliminary action. Id. at 148 (citing Rose v. U.S. Postal Serv., 77 M.S.P.R. 139, 144 n.5 (1997)). Thus, the Board forwarded Weed's petition challenging the sufficiency of the Agency's reconstruction to the Denver Field Office of the Board for further adjudication. Id.

Weed appealed the Board's decision to this court. While Weed's appeal has been pending, proceedings at the Board have continued. On July 24, 2008, an administrative judge concluded that the Agency's reconstruction action "was not bona fide," and recommended that the Board find that the Agency was not in compliance with the Board's order requiring reconstruction. Weed v. Soc. Sec. Admin., 110 M.S.P.R. 468, 470 (2009). On February 12, 2009, the full Board agreed that the Agency had

failed to reconstruct the selection process properly and ordered the Agency to repeat the process following a specific set of instructions. Id. at 474. The record does not indicate whether the Agency has complied, nor does the record include the result of any second reconstruction.

## II.  DISCUSSION

As a threshold matter, we are called upon in this case to exercise our "special obligation" to satisfy ourselves of our own jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). One constraint on this court's jurisdiction is the "so-called 'final judgment rule,' [which] ordinarily limits our jurisdiction to appeals from a decision or order that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Allen v. Principi, 237 F.3d 1368, 1372 (Fed. Cir. 2001) (quoting Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981)). "The requirement of finality has been called 'an historic characteristic of federal appellate procedure.'" Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986) (quoting Flanagan v. United States, 465 U.S. 259, 263 (1984)).

We have held that the final judgment rule applies to appeals from the Merit Systems Protection Board. "Section 1295(a)(9) of Title 28 circumscribes our jurisdiction to review the Board's decisions, limiting it to jurisdiction over 'an appeal from a final order or final decision of the' Board." Haines v. Merit Sys. Prot. Bd., 44 F.3d 998, 999 (Fed. Cir. 1995); see also 28 U.S.C. § 1295(a)(9) (2006) (conferring jurisdiction over "an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5" (emphasis added)); 5 U.S.C. § 7703(b)(1) (2006) ("[A] petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." (emphasis

added)).  "Our jurisdiction over [a] petition, then, turns on whether the [determination that the petitioner seeks to appeal] constitutes a 'final order or final decision' for purposes of section 1295(a)(9)."  Haines, 44 F.3d at 999-1000.

"The Supreme Court has consistently held that as a general rule an order is final only when it 'ends the litigation on the merits and leaves nothing for the court to do but execute [the] judgment.'"  Cabot, 788 F.2d at 1542 (quoting Firestone, 449 U.S. at 373).  In the particular context of determinations by the Board, we have held that "we look to the Board's regulation at 5 C.F.R. § 1201.113 to determine what constitutes a 'final order' for jurisdictional purposes."  Haines, 44 F.3d at 1000.  That regulation provides in relevant part that, "[i]f the Board grants a petition for review or a cross petition for review, or reopens or dismisses a case, the decision of the Board is final if it disposes of the entire action."  5 C.F.R. § 1201.113(c) (emphasis added).

In this case, the Board granted the Agency's petition for review and reversed the determination of the administrative judge concerning willfulness, but then forwarded Weed's petition to its field office for "further adjudication."  Weed, 107 M.S.P.R. at 144, 148.  Because that decision required that the field office conduct "further adjudication," it did not "leave[] nothing for the court to do but execute [the] judgment" and it did not "dispose[] of the entire action."  Rather, the Board's decision in this case was, in essence, a remand to the field office for adjudication in the first instance of Weed's challenge to the reconstruction process.  As such, it was not a "final order or final decision" for purposes of § 1295(a)(9).

This case provides a strong illustration of the important purpose of the final judgment rule.  As the Supreme Court has said:

> The final judgment rule . . . helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the pre-judgment stages of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice. For these reasons, this Court has long held that the policy of Congress embodied in [the final judgment rule] is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation . . . .

Flanagan, 465 U.S. at 263-64 (citations and internal quotation marks omitted). Weed asks this court to reverse the Board's determination that the Agency did not willfully violate his veterans' preference rights, and to authorize the award of liquidated damages for a willful violation. But as the administrative judge stated, and as Weed himself concedes, Weed cannot be entitled to liquidated damages for a willful violation unless, following the reconstruction process, the Agency determines that Weed would have been hired had the Agency afforded him veterans' preference rights. See A.J. Op. at 8 ("At this point, it has yet to be determined whether the appellant is entitled to appointment to the position or whether he is entitled to back pay and, therefore, an award of liquidated damages is not appropriate at this time."); Oral Arg. at 4:31-42, available at http://oralarguments.cafc.uscourts.gov/mp3/2008-3112.mp3 (June 1, 2009) (counsel for Weed agreeing that "any entitlement to liquidated damages would be contingent on his success in the restructured hire"). Though the record is not clear, it appears that the Agency and the Board have yet to reach any final determination as to whether Weed would or would not have been hired in a properly reconstructed selection process. An appeal concerning the availability of liquidated damages for a willful violation—while litigation continues at the Board level concerning whether there was any violation at all—is precisely the kind of "piecemeal appellate review" that the final judgment rule is designed to prevent.

We conclude that the decision of the Board on appeal is not a "final order or final decision" for purposes of § 1295(a)(9).  Neither Weed nor the Agency has argued that any exception to the final judgment rule applies, and, in fact, Weed concedes that he knows of nothing that would foreclose him from appealing the issue of willful violation once the judgment of the Board is final.  <u>See</u> Oral Arg. at 8:51-9:00.  We therefore conclude that we lack jurisdiction over Weed's appeal.

### III.  CONCLUSION

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

<u>DISMISSED</u>

COSTS

Each party shall bear its own costs.