NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TODD J. SCHOENROGGE,**
*Petitioner,*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent.*

---

2010-3100

---

Petition for review of the Merit Systems Protection Board in case no. DA3330090467-I-1.

---

Decided: July 14, 2010

---

TODD J. SCHOENROGGE, of St. Francis, Kansas, pro se.

MATTHEW H. SOLOMSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before DYK, FRIEDMAN, and MOORE, *Circuit Judges*.

PER CURIAM.

Todd J. Schoenrogge ("Schoenrogge") petitions for review of an order of the Merit Systems Protection Board ("MSPB" or "Board") granting his request for corrective action pursuant to the Veterans Employment Opportunities Act of 1998 ("VEOA"). *Schoenrogge v. Dep't of Justice*, No. DA3330090467-I-1 (M.S.P.B. Feb. 17, 2010) ("*Final Order*"). The Board ordered the Department of Justice ("the agency") to reconstruct the hiring process and to evaluate Schoenrogge for the position of Legal Assistant. Schoenrogge contends that the Board should have ordered his appointment and awarded him back pay. We conclude that the decision of the Board was not final and therefore we lack jurisdiction. We dismiss Schoenrogge's petition.

## BACKGROUND

On March 29, 2009, Schoenrogge applied as a preference-eligible veteran for a position with the agency as a Legal Assistant, GS-0986-05. The agency did not hire him for the position. Schoenrogge claimed that the agency failed to properly consider his application, in violation of his rights under the VEOA. He filed a complaint with the U.S. Department of Labor on April 9, 2009, which dismissed his complaint as without merit. Schoenrogge then appealed to the Board.

In a September 28, 2009, initial decision, an Administrative Judge ("AJ") determined that the Board had jurisdiction over Schoenrogge's non-selection claim under the VEOA. *Schoenrogge v. Dep't of Justice*, No. DA3330090467-I-1 (M.S.P.B. Sept. 28, 2009) ("*Initial*

*Decision*"); *see* 5 U.S.C. § 3330a.[1] The AJ then found that Schoenrogge is "preference eligible" as defined under 5 U.S.C. § 2108(3), and that he was therefore entitled to have the agency consider and credit him with "all experience material to the position." *Initial Decision, slip op. at 4 (citing* 5 U.S.C. § 3311(2)). The AJ determined that the agency did not give Schoenrogge proper credit for certain typing training reflected on his military documentation, and thus found that the agency violated Schoenrogge's rights under the VEOA. The AJ concluded that Schoenrogge was entitled to corrective action. The AJ ordered the agency to reconstruct the selection process within twenty calendar days of the date the initial decision became final. The AJ further ordered the agency to inform Schoenrogge in writing of all actions taken to comply with the order and the date on which the agency believes it has fully complied. The AJ specifically noted that "[i]n making this determination, I express no opinion regarding whether the appellant should have been on the final certificate of qualified candidates, or whether he should have been appointed to the position." *Initial Decision*, slip op. at 4 n.2.[2]

---

[1] For the Board to have jurisdiction over an appeal brought under the VEOA, an appellant must 1) show that he exhausted his remedy with the Secretary of the Department of Labor, and 2) make non-frivolous allegations that i) he is preference eligible within the meaning of the VEOA, ii) the action(s) at issue took place on or after the October 30, 1998, enactment date of the VEOA, and iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Downs v. Dep't of Veterans Affairs*, 110 M.S.P.R. 139, 143 (2008).

[2] The AJ also found that the Board lacked jurisdiction over Schoenrogge's discrimination claims.

Schoenrogge filed a petition for review with the full Board, contending, among other things, that the AJ erred in ordering reconstruction of the hiring process and arguing that the Board should order his appointment to the position of Legal Assistant, including back pay. The full Board denied review on February 17, 2010, making the initial decision of the AJ the final decision of the Board. In its final decision, the Board ordered the agency to reconstruct the hiring process. The Board further noted that "[n]o later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order." *Final Decision*, slip op. at 2. There is no indication from the parties' briefs as to the status of the agency's compliance with the Board's order. Nonetheless, Schoenrogge filed a petition for review in this court.

## DISCUSSION

On appeal, Schoenrogge argues that under our decision in *Marshall v. Department of Health and Human Services*, 587 F.3d 1310 (Fed. Cir. 2009), the Board should have ordered retroactive reinstatement, including the payment of compensation and lost wages and benefits, rather than order the agency to reconstruct the selection process. The government points out that *Marshall* made clear that retroactive reinstatement is the appropriate remedy only where the agency admits that it would have selected the veteran but for the agency's violation of the veteran's preference rights. *See id.* at 1316. In contrast, reconstruction of the selection process is an appropriate remedy where, as here, "it is unknown whether a veteran would have been selected for a position." *Id.*

We do not reach the merits for we agree with the government that we lack jurisdiction over this appeal under 28 U.S.C. § 1295(a)(9). Our jurisdiction under 28 U.S.C. § 1295(a)(9) extends only to "appeal[s] from a final order or a final decision of the Board." *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (quotations omitted). We have held that the final judgment rule applies to appeals from the MSPB, and that under the Board's regulations, "[i]f the Board grants a petition for review or a cross petition for review, or reopens or dismisses a case, the decision of the Board is final *if it disposes of the entire action.*" *Id.* at 1362; *see* 5 C.F.R. § 1201.113(c). "The Supreme Court has consistently held that as a general rule an order is final only when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Weed*, 571 F.3d at 1361 (quotations and alterations omitted). Where a decision of the Board requires that the agency conduct further proceedings, we have held that such a decision is not final for jurisdictional purposes as it does not "leave nothing for the court to do but execute the judgment" and does not "dispose of the entire action." *Id.* at 1362 (alterations omitted). In particular, in *Marshall*, we remarked that where the Board remands a case to an agency to "reconstruct the selection process," a petitioner's request for review to this court is "premature." 587 F.3d at 1315; *see also Patterson v. Office of Pers. Mgmt.*, 111 F. App'x 590, 593 (Fed. Cir. 2004) (holding that a request for retroactive appointment and backpay is not ripe for appellate review when the Board has remanded to the agency for reconstruction because these items may still be granted on remand).

Here, Schoenrogge sought review of the Board's decision ordering the agency to reconstruct the selection process. Because the Board's February 17, 2010, decision

effectively remanded to the agency for further adjudication, it was not a final decision for jurisdictional purposes. We therefore conclude that we lack jurisdiction over this petition for review, and we dismiss Schoenrogge's petition.

**DISMISSED**

COSTS

No costs.