NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD W. ZAPPLEY,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5075

---

Appeal from the United States Court of Federal Claims in Case No. 10-CV-299, Judge Francis M. Allegra

---

Decided: August 5, 2011

---

DONALD W. ZAPPLEY, SR., of Gladstone, Michigan, pro se.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before NEWMAN, PROST, O'MALLEY, *Circuit Judges.*

PER CURIAM.

Donald W. Zappley ("Zappley") appeals two orders from the United States Court of Federal Claims ("CFC") dismissing Zappley's wrongful discharge claim as time-barred and denying his motion for reconsideration of the dismissal order. For the reasons discussed below, we lack subject matter jurisdiction to hear this appeal; it is, therefore, *dismissed.*

## BACKGROUND

On May 17, 2010, Zappley filed the complaint that gave rise to the present appeal in the CFC. The complaint raised several tort and criminal claims, a wrongful discharge claim, and disability benefits claims. These claims arose from an altercation between Zappley and an African-American sailor aboard the USS Independence in July 1973. As a result of this altercation, Zappley was honorably discharged from the United States Navy on August 20, 1973. Zappley claims that the Navy incorrectly reported that he got into a fight with the other sailor, when he was, in fact, the victim of a "surprise attack." In addition, Zappley contends that the Navy medical records contain incorrect statements, suggesting that he had animosity towards African-Americans. Zappley contends that these statements, coupled with the incorrect characterization of his altercation with the other sailor, caused his involuntarily discharge from the Navy.

On August 30, 2010, the United States filed a Motion to Dismiss Zappley's tort, criminal, and wrongful discharge claims pursuant to Rule 12(b)(1), and to remand his disability benefits claims. In a November 15, 2010 order, the CFC transferred Zappley's tort and criminal claims to the United States District Court for the Western

District of Michigan, dismissed as time-barred his wrongful discharge claim, and remanded his disability benefits claims to the Board for Correction of Naval Records ("BCNR"). In addition, the CFC ordered that "[o]n or before May 10, 2011, and every 6 months thereafter, [the United States] shall file an interim status report regarding the remand proceedings. [The United States] shall also notify the court once the BCNR has resolved [Zappley's] claims." SA 1.

On December 17, 2011, the BCNR issued its decision on remand, denying Zappley's request for further consideration of his application. Subsequently, Zappley filed a Motion for Reconsideration of the CFC's November 15, 2010 order. The CFC found that Zappley sought reconsideration of only the dismissal of his wrongful termination claim. Because Zappley provided no basis for reconsideration, however, the CFC denied the motion on March 16, 2011.

Zappley filed a timely notice of appeal.

## DISCUSSION

### I.

This court only has subject matter jurisdiction over appeals from final decisions of the CFC. 28 U.S.C. § 1295(a)(3) (2006) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final decision of the United States Court of Federal Claims."). This so-called final judgment rule limits our jurisdiction to appeals from a decision or order that " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)).

## II.

While the CFC dismissed Zappley's wrongful termination claim, it also remanded his disability benefits claims back to the BCNR so that it could determine, for the first time, the effect on Zappley's claims of the United States Department of Veteran's Affairs decision to grant Zappley a ten-percent disability rating. "The [CFC's] decision in this case was, in essence, a remand to the [BCNR] for adjudication in the first instance of [Zappley's claim] . . . . As such, it was not a final order or final decision" because it did not leave the CFC in the position where there was nothing for it to do but enter judgment. *Wood v. Social Security Admin.*, 571 F.3d 1359, 1362 (Fed. Cir. 2009) (holding that a Board order remanding a claim to the field office for further adjudication was not a final order or decision). Here, the CFC still must address the merits of Zappley's disability benefits claims in light of the BCNR's decision on remand. The CFC has not, moreover, entered final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to the dismissal of Zappley's wrongful termination claim. The CFC's order dismissing this claim, therefore, is not a final decision or order that we have jurisdiction to hear.

In some instances, a non-final decision is appealable if it qualifies as a collateral order under the standard announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545-47 (1949). An order is considered collateral if it: "[C]onclusively determine[d] the disputed question, resolve[d] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). The CFC's dismissal of Zappley's wrongful termination claim is not a "collateral order" because the decision is not effectively unreviewable on appeal from the CFC's eventual final judgment. Once

the CFC decides the merits of Zappley's disability benefits claims, Zappley can appeal any issues he believes were not decided in accordance with law.

Because the order dismissing Zappley's wrongful discharge claim is not a final decision or order, and it is not a collateral order, we do not have subject matter jurisdiction to hear this appeal. Accordingly, this appeal is dismissed.

**DISMISSED**