NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN DOE,**
*Petitioner,*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent.*

---

2012-3204

---

Petition for review of the Merit Systems Protection Board in case no. CH0752090404-I-1.

---

**ON MOTION**

---

### O R D E R

John Doe moves for a stay of the remand proceedings ordered by the Merit Systems Protection Board or, in the alternative, for a writ of mandamus to direct the Board to reinstate him and to award back pay and attorney fees. The Department of Justice opposes and moves to dismiss Doe's petition for review for lack of jurisdiction. Doe replies and opposes dismissal. The Department of Justice replies.

Doe was removed in 2009 from his position as an Assistant United States Attorney. On appeal to the full Board, the Board remanded Doe's removal to the agency and directed the agency to apply its internal procedures for Access Review Committee Review of the decision to withdraw an employee's eligibility for access to classified information under 28 C.F.R. Part 17. The Board set forth procedures to be followed on remand, and stated that Doe could file a new petition for appeal with the regional office after the agency had informed Doe that it had carried out the Board's order.

Doe petitioned this court for review and asserts, inter alia, that he was entitled to an immediate reinstatement without remand proceedings. He moves to stay those remand proceedings or to treat his request as a petition for a writ of mandamus.

On December 10, 2012, the Supreme Court decided *Kloeckner v. Solis*, 565 U.S. ---, slip op no. 11-184 (2012). Neither party addresses that case because of its recent issuance. In *Kloeckner*, the Supreme Court held that if a petitioner claims that an agency action appealable to the MSPB violates an antidiscrimination statute listed in 5 U.S.C. § 7702(a)(1), the petitioner must seek judicial review in a district court and not with this court. *Id.*, slip op. at 14. Here, the Board's decision states that Doe raised, inter alia, claims that his removal was due to disability discrimination and due to retaliation for filing equal employment opportunity complaints. The Department of Justice's motion to dismiss further raises the jurisdictional concern whether the Board's remand order is final for purposes of review. *See Weed v. Soc. Sec. Admin.*, 571 F.3d 1359 (Fed. Cir. 2009) (court lacked jurisdiction over petition for review of Board remand order because it was not a final order). It would appear based upon the papers submitted that this court lacks jurisdiction due to the holding of *Kloeckner*.

The court determines that further briefing concerning the jurisdictional issues is required. Doe and the Department of Justice are directed to respond, within 10 days of the date of this order, concerning why this case should not be dismissed or transferred to a district court pursuant to 28 U.S.C. § 1631 because of the *Kloeckner* holding. Each side's response should not exceed 10 pages.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)  Doe and the Department of Justice are directed to respond, within 10 days of the date of this order, concerning why this case should not be dismissed or transferred to a district court pursuant to 28 U.S.C. § 1631.

(2)  All pending motions are held in abeyance.

FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk

s8