NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOIS M. JOHNSON,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2013-3044

---

Petition for review of the Merit Systems Protection Board in Nos. SF0353090587-R-1 and SF0353090587-X-1.

---

Decided: June 11, 2013

---

LOIS M. JOHNSON, of Los Angeles, California, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief was MICHELLE WINDMUELLER, Appellate Attorney, United States Postal Service, of Washington, DC.

---

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Lois M. Johnson seeks review of a final decision of the Merit Systems Protection Board ("Board"). We affirm-in-part, reverse-in-part, and remand-in-part.

## BACKGROUND

Ms. Johnson is a United States Postal Service ("USPS") employee with medical restrictions currently working as a forklift operator. In order to accommodate Ms. Johnson, the USPS created various modified assignments that fit within her medical restrictions. This practice, however, came to an end with the advent of the USPS's National Reassessment Process and Ms. Johnson was placed on leave with wage-loss compensation status ("WLC status"). Accordingly, on April 8, 2009, the USPS discontinued Ms. Johnson's modified position and searched for an "operationally necessary" position within her service district. With the exception of a one month temporary position as a passport fair representative, the USPS found no work suitable to Ms. Johnson. She remained on WLC status until October of 2012, when she accepted a position as a USPS forklift operator.

After she was placed on WLC status, Ms. Johnson appealed to the Board with two arguments: it was improper to discontinue her position because the work she had been performing was transferred to others; and the USPS discriminated against her by denying her a reasonable accommodation. The administrative judge dismissed the appeal for lack of jurisdiction. On appeal, the full Board reversed the initial decision and remanded the appeal. The Board found a third issue that had not been raised by Ms. Johnson: the USPS was required to search Ms. Johnson's entire local commuting area for an available position, but had only searched Ms. Johnson's service district.

On remand, the administrative judge found for the USPS on the first two issues. With respect to the discontinuation issue, the administrative judge found that redistribution of Ms. Johnson's duties to others was not improper, citing *Hunt v. U.S. Postal Serv.*, 114 M.S.P.R. 379, 383, ¶ 11 (2010). The administrative judge also found that the USPS did not discriminate against Ms. Johnson or fail to reasonably accommodate her disability. On the search issue, Ms. Johnson prevailed. The administrative judge ordered the USPS to restore Ms. Johnson to her position effective April 8, 2009, and to pay Ms. Johnson back pay. Both parties petitioned for review by the full Board.

Ms. Johnson appealed the denial of her discrimination accommodation claim, but did not did not seek Board-review of the adverse decision regarding her discontinuation. Following some procedural irregularities not relevant here, the Board adopted the administrative judge's decision except as to the remedy for the incomplete search. The Board found that the proper remedy was a retroactive search of the entire local commuting area, and the payment of back pay if and only if the retroactive search revealed a position that Ms. Johnson could have held.

In the period between Ms. Johnson's petition and the Board's decision, there was a change in law regarding when the USPS can discontinue a position: on February 24, 2012, the Board decided *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), which overruled *Hunt*. In contrast to *Hunt*, which gave the USPS broad "authority to economize its operations by consolidating the tasks being performed by limited duty employees and reassigning them to the non-limited duty employees who would be otherwise performing them," 114 M.S.P.R. at 383, ¶ 11, the new standard under *Latham* only allows the USPS to "discontinue a modified assignment consisting of tasks within an employee's medical restrictions . . . where the duties of that assignment no longer need to be performed

by anyone or those duties need to be transferred to other employees in order to provide them with sufficient work." 117 M.S.P.R. at 421, ¶ 31. To address this issue, the USPS filed supplemental briefing, supported by a declaration and some documents. Ms. Johnson did not respond or otherwise mention *Latham*, or the discontinuation issue, before the Board. The Board did not consider the USPS's supplemental brief nor did it mention *Latham*, *Hunt*, or the discontinuation issue.

Now, on appeal to this court, Ms. Johnson argues that the USPS improperly discontinued her position—an argument that Ms. Johnson had presented to the administrative judge, but did not raise before the full Board.

## DISCUSSION

We affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Tunik v. Merit Sys. Prot. Bd.,* 407 F.3d 1326, 1330 (Fed. Cir. 2005).

At the outset, we note that Ms. Johnson does not contest the Board's decision regarding her discrimination claim. We find no error in the Board's decision. Accordingly, we affirm the Board's decision on that issue.

Ms. Johnson does, however, raise three arguments on appeal. First, she contends that her position was improperly terminated under the now controlling standard set forth in *Latham*. Second, she claims that the USPS's submission of a supplemental brief and declaration, addressing *Latham*, violated her Due Process rights. Finally, she alleges that the USPS improperly conducted the retroactive search ordered by the full Board in October 2012.

The administrative judge rejected Ms. Johnson's argument that her position was improperly discontinued, citing *Hunt*, 114 M.S.P.R. at 383, ¶ 11, which was controlling at that time. While both parties' petitions for review were pending, the Board overruled *Hunt* and announced a new standard for when the USPS may discontinue a modified position. *Latham*, 117 M.S.P.R. at 421-22, ¶ 31. As the USPS concedes, *Latham* provides it with less flexibility than *Hunt*. Despite having the opportunity to do so, the Board never considered whether Ms. Johnson's position was improperly discontinued under the *Latham* standard, but rather adopted the administrative judge's decision with respect to Ms. Johnson's discontinuation under the *Hunt* standard.

Although Ms. Johnson did not seek full-Board review of the discontinuation issue, that issue is not necessarily waived. Rather, because the issue was raised before the administrative judge but not the full Board, it is preserved for review by this court unless Ms. Johnson knowingly waived or abandoned it. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668-69 (Fed. Cir. 1998). The USPS concedes that there is no basis upon which we could find that Ms. Johnson knowingly waived or abandoned the discontinuation issue. Accordingly, the discontinuation issue is properly before us.

Both parties agree that *Latham* should be applied retroactively to Ms. Johnson's discontinuation. We cannot, however, apply the *Latham* standard now because more fact-finding is necessary. While the administrative judge made limited factual findings relevant to the *Hunt* standard, the different requirements of *Latham* were not addressed. *See Latham*, 117 M.S.P.R. at 421-23, ¶¶ 31-33. To its credit, the USPS attempted to present the full Board with facts relevant to the *Latham* standard by attaching a declaration and supporting documents to a supplemental brief. The Board, however, never decided whether the USPS had satisfied the requirements of

*Latham*. Accordingly, we remand to the Board for further fact-finding and instruction to apply the now controlling *Latham* standard.

Ms. Johnson also claims that the USPS's submission of a supplemental brief and declaration, addressing *Latham*, violated her Due Process rights. This argument is both waived and without merit. It is waived because Ms. Johnson did not present it to the Board. Ms. Johnson cannot now object to the supplemental briefing on appeal. Moreover, any error flowing from the submission is harmless as the Board did not rely upon the supplemental material when considering either party's petition for review. Finally, because we remand for consideration of her discontinuation claim under *Latham*, Ms. Johnson will have an opportunity on remand to address the merits of the USPS's supplemental brief and to submit relevant material of her own.

Ms. Johnson also alleges that the USPS improperly conducted the retroactive search ordered by the full Board in October 2012. We do not have jurisdiction to entertain this argument in the first instance. Rather, if Ms. Johnson believes the USPS failed to comply with the Board's order concerning the retroactive search, she must request the Board enforce its order before appealing to this court. *See Shoenrogge v. Dep't of Justice*, 385 F. App'x 996 (Fed. Cir. 2010); *Weed v. Social Sec. Admin.*, 571 F.3d 1359 (Fed. Cir. 2009).

**AFFIRMED-IN-PART, REVERSED-IN-PART, REMANDED-IN-PART**

COSTS

Each party shall bear its own costs.