NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRACEY A. MARTIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2020-2183

---

Petition for review of the Merit Systems Protection Board in No. DC-0845-20-0640-I-1.

---

Decided:  September 10, 2021

---

TRACEY A. MARTIN, Potomac, MD, pro se.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before LOURIE, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

Tracey Martin appeals from a decision of the Merit Systems Protection Board ("the Board") dismissing her appeal as untimely filed. *See Martin v. Off. of Pers. Mgmt.*, No. DC-0845-20-0640-I-1 (M.S.P.B. June 11, 2020). Because Martin has not shown that her appeal was timely or good cause why the time limit should be waived, we *affirm*.

BACKGROUND

In 2015, Martin retired from federal service under the disability provision of the Federal Employees' Retirement System ("FERS"). The Office of Personnel Management ("OPM") later determined that Martin had received an overpayment of FERS annuity benefits from June 1, 2015 through May 12, 2016 because she also received benefits from the Office of Workers' Compensation Programs during that period, which is prohibited by law. *See* 5 U.S.C. § 8464a(a)(1). On February 6, 2020, OPM issued a final decision affirming its initial decision that Martin was required to pay back the overpayment of benefits. S.A. 16.[1] The final decision included a notice of appeal rights informing Martin that she had the right to appeal to the Board within 30 days of the decision or 30 days after her receipt of the decision. S.A. 19; *see also* 5 C.F.R. § 1201.22(b).

Martin filed an appeal to the Board on May 28, 2020, 82 days after OPM issued its final decision. The administrative judge ("AJ") issued an order on timeliness informing Martin that the appeal would be dismissed as untimely unless Martin showed that the appeal was filed on time or that good cause existed for the delay in filing. S.A. 24. The order instructed that Martin's submission must be filed within 10 calendar days of the date of the order. S.A. 25. Martin did not respond to the order.

---

[1]    "S.A." refers to the Supplemental Appendix filed with the government's brief.

On June 11, 2020, the AJ issued an initial decision dismissing Martin's appeal as untimely. S.A. 1. The initial decision stated that it would become final on July 16, 2020 unless Martin filed a petition for review by that date. S.A. 4. On August 14, 2020, the Board received a submission from Martin, postmarked August 7, that it construed as a petition for review of the initial decision. S.A. 27. In an acknowledgement letter, the Board instructed Martin to file a motion by September 10, 2020, explaining why her petition was not untimely or why there was good cause for the late filing. S.A. 28. The government represents that Martin had not filed such a motion as of the time of briefing in this case.

Meanwhile, Martin appealed the Board's decision dismissing her appeal to this court on August 13, six days after her petition for review by the Board was postmarked.

## DISCUSSION

Our review of decisions of the Board is limited. We must sustain a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *See Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1545 (Fed. Cir. 1994) (citing 5 U.S.C. § 7703(c)). "We review the Board's legal conclusions de novo and its fact findings for substantial evidence." *Smith v. General Servs. Admin.*, 930 F.3d 1359, 1364 (Fed. Cir. 2019) (citing *Campbell v. Merit Sys. Prot. Bd.*, 27 F.3d 1560, 1564 (Fed. Cir. 1994)).

On appeal, Martin appears to argue both that her appeal to the Board was timely filed and that good cause exists that should excuse her delay to the extent it is untimely. Specifically, she argues that she did not receive OPM's final decision until "much later" than its February 6, 2020 issuance date "due to issues with the delivery of her mail and due to various family situations that arose

during the COVID-19 pandemic." The government responds that the Board did not abuse its discretion in dismissing Martin's appeal as untimely. The government contends that Martin's assertions are unsupported by any evidence and that she has not demonstrated that she acted with diligence during the relevant period between OPM's decision on February 6 and her appeal to the Board on May 28.

At the outset, we first consider whether we have jurisdiction to entertain this appeal since there appears to be an outstanding, though untimely, petition for review before the Board. Pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9), we have jurisdiction over "final order[s] or final decision[s]" of the Board. *See Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009). The initial decision of the AJ becomes the final decision of the Board 35 days after issuance unless, among other exceptions, a party files a petition for review. 5 C.F.R. § 1201.113(a). Thus, a timely-filed petition for review renders the initial decision non-final for purposes of judicial review. For untimely petitions, the Board has discretion to extend the time for filing a petition for review based on a showing of good cause. 5 U.S.C. § 7701(e)(1). Alternatively, a party can file a petition in this court within 60 days from the date of a final order or decision. 5 U.S.C. § 7703(b)(1).

In this case, the AJ's initial decision was issued on June 11 and stated that it would "become final on July 16" unless a petition for review was filed by that date. S.A. 4. Martin's petition for review was postmarked August 7, 22 days after the initial decision became final. The Board informed Martin that her petition was considered untimely and instructed her to file a motion to waive the time limit by September 10, but she appears not to have filed such a motion. Because Martin failed to file a petition for review by the prescribed deadline and has not filed a motion to waive the time limit, we conclude that the AJ's initial

decision became final and appealable as of July 16, notwithstanding Martin's untimely petition for review.

On the merits, we agree with the government that the Board did not abuse its discretion in dismissing Martin's appeal as untimely. It is petitioner's burden to establish the timeliness of an appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2). In cases of untimely filings, the burden is on the petitioner to demonstrate excusable delay. *Mendoza v. MSPB*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). "Delay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence." *Id.* (citing *Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1391 (Fed. Cir. 1982)).

Martin first contends that her filing with the Board was timely because she did not receive OPM's final decision until long after it issued. If Martin could support this assertion with evidence, it would tend to show timeliness because a timely filing is permitted within 30 days of "appellant's receipt of the agency's decision." 5 C.F.R. § 1201.22(b)(1). But the Board relied on a presumption that the OPM's final decision was delivered to Martin within five business days of issuance. S.A. 3; *id.* § 1201.22(b)(3); *Sullivan v. Office of Personnel Management*, 88 M.S.P.R. 499, ¶ 6 (M.S.P.B. May 31, 2001). And Martin has provided no evidence to rebut that presumption or establish her actual date of receipt of the OPM's decision. In view of the absence of evidence, we find the Board did not abuse its discretion by making such a presumption and dismissing Martin's appeal as untimely.

Martin alternatively contends that there was good cause for her untimely filing with the Board because health issues and family situations related to Covid-19 should excuse her delay. In support of her argument, Martin relies on a number of emails between herself and, among others, OPM personnel regarding her case. But the emails do not support her representations regarding health issues and

family situations that purportedly delayed her filing at the Board because (1) none of the emails is directed to those subjects, and (2) all of the emails appear to be dated between 2015 and 2019, well before OPM's final decision issued.[2] Thus, the emails do not demonstrate that Martin acted with diligence during the relevant period between OPM's final decision and Martin's untimely appeal filing.

The only evidence that Martin relies on from 2020 is a letter from the office of Senator Chris Van Hollen dated July 22, 2020, that states only that "[e]nclosed is a copy of the response that [Senator Van Hollen] received from" the Board. The content of that response is unclear from the record, but the letter nevertheless fails to establish diligence by Martin during the period after OPM's final decision, as it refers to an inquiry to the Board, not OPM, whose action triggered the time limit for appeal. Given the absence of evidence from the relevant period between OPM's February 6 decision and Martin's appeal filing with the Board on May 28 supporting Martin's stated reasons for her delayed filing, we cannot conclude that the Board abused its discretion in dismissing Martin's appeal as untimely.

Finally, after briefing, Martin filed a motion to submit additional documentation in support of her appeal. We normally do not consider material submitted after briefing unless it was previously unavailable. Because Martin has not identified the material she would like to submit, nor explained why it was previously unavailable, her motion is denied.

---

[2]    Martin also references her attempts at communication with OPM personnel around April 2020. Martin has not provided evidence of those communications and there is no record such evidence was before the Board. Thus, we refuse to consider this new issue on appeal.

CONCLUSION

We have considered Martin's remaining arguments but find them unpersuasive.  For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.