NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANDREW SEARCY, JR.,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2023-1211

_____

Petition for review of the Merit Systems Protection Board in Nos. AT-3443-21-0202-I-1, AT-4324-21-0238-I-1, and AT-3330-21-0237-I-1.

_____

PER CURIAM.

## O R D E R

Andrew Searcy, Jr. has filed a petition for review of decisions by the Merit Systems Protection Board.  We dismiss the petition for lack of jurisdiction.

Mr. Searcy's petition references: (1) MSPB No. AT-0831-10-0380-I-1, which resulted in a final Board decision on November 30, 2010; and (2) MSPB No. AT-4324-10-0356-I-1, which ultimately resulted in an adverse final decision that was affirmed on appeal in 2012.  *See Searcy v.*

*MSPB*, 486 F. App'x 117 (Fed. Cir. 2012). Those cases are long closed and not now subject to appeal.[*]

Mr. Searcy's petition further identifies Nos. AT-3443-21-0202-I-1, AT-4324-21-0238-I-1, and AT-3330-21-0237-I-1. In each of those cases, Mr. Searcy has pending petitions before the Board for review of an initial decision. The filing of a timely petition for the Board's review of the initial decision renders the initial decision non-final for purposes of our review, *see* 5 C.F.R. § 1201.113(a) ("The initial decision will not become the Board's final decision if within the time limit for filing . . . any party files a petition for review . . . ."). In the absence of a final Board decision, we lack jurisdiction. *See* 28 U.S.C. § 1295(a)(9); *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009).

Accordingly,

IT IS ORDERED THAT:

(1) This matter is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

December 29, 2022                  /s/ Peter R. Marksteiner
        Date                       Peter R. Marksteiner
                                   Clerk of Court

---

[*] This court has directed the Clerk "not to docket any further papers by or on behalf of Mr. Searcy without first referring them to a judge who will determine whether Mr. Searcy is seeking to relitigate a closed case." *In re Searcy*, No. 2019-117, slip op. at 2 (Fed. Cir. May 22, 2019).