NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARTIN AKERMAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-2046

---

Petition for review of the Merit Systems Protection Board in Nos. DC-0752-23-0457-I-1 and DC-0752-23-0457-S-1.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

After consideration of the parties' responses to this court's order directing them to show cause whether Martin

Akerman's petition for review should be dismissed for lack of jurisdiction, we dismiss.[*]

The court received Mr. Akerman's petition for review identifying two Merit Systems Protection Board docket numbers—DC-0752-23-0457-I-1 and DC-0752-23-0457-S-1—and specifically requesting review of a "Third Order" entered May 22, 2023. ECF No. 1-2 at 1. Attached to that petition is a May 22, 2023, decision from the administrative judge in DC-0752-23-0457-I-1 entitled "Third Order," which denies Mr. Akerman's motion for "Certification of Interlocutory Appeal" to the Board.

The court directed the parties to show cause because while 28 U.S.C. § 1295(a)(9) provides the court with jurisdiction over "an appeal from a final order or final decision of the Merit Systems Protection Board," the administrative judge's denial of Mr. Akerman's third request for an interlocutory appeal to the Board does not "end[] the litigation on the merits and leave[] nothing for the [tribunal] to do but execute the judgment," *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (cleaned up). Thus, it is not a "final" order or decision that can be immediately appealed to this court. Mr. Akerman asserts that the order is nonetheless appealable under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), but *Cohen*'s collateral order doctrine is for only a "small class of collateral rulings that," among other things, "resolve important questions separate from the merits," *Kaplan v. Conyers*, 733 F.3d 1148, 1154 (Fed. Cir. 2013) (cleaned up). Here, the interlocutory order is not such an order; rather,

---

[*]    Mr. Akerman appears to seek reconsideration of the court's July 31, 2023, order denying his request to consolidate this case with Appeal No. 2023-2216 (concerning Board No. DC-3443-22-0639-I-1), but that request is denied as moot given this dismissal. Mr. Akerman's request to modify the caption is also denied.

Mr. Akerman appears to simply want expedited review of the "underlying . . . issues," ECF No. 20 at 2, which is insufficient.

Moreover, we note that in DC-0752-23-0457-I-1, the administrative judge has since issued an initial decision, but Mr. Akerman's petition here does not challenge that initial decision, and, in any event, that decision remains non-final because Mr. Akerman filed a timely petition for review with the Board, such that our review of that decision is premature. *See* 5 C.F.R. § 1201.113(a); *Weed*, 571 F.3d at 1361–63. Lastly, we note that Mr. Akerman's submissions here have not reasonably identified any decision, final or otherwise, in DC-0752-23-0457-S-1 for this court to review. We therefore dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for review is dismissed.

(2)  Each side shall bear its own costs.

(3)  All pending motions are denied.

FOR THE COURT

October 13, 2023                    /s/ Jarrett B. Perlow
        Date                        Jarrett B. Perlow
                                    Clerk of Court