NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IKIA BUTLER,**

*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**

*Respondent*

---

2024-1899

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-23-0453-I-1.

---

**ON MOTION**

---

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

## O R D E R

The United States Postal Service moves to dismiss this petition as premature or, alternatively, to reform the caption as to the proper respondent. ECF No. 5. Ikia Butler opposes.

On August 2, 2023, Ms. Butler filed a timely petition at the Merit Systems Protection Board seeking review of an

administrative judge's initial decision.  On May 31, 2024, this court received her petition to review the same initial decision.

We agree with the Postal Service that this court does not yet have authority to decide this case.  Although this court has jurisdiction to review final orders or final decisions of the Board, *see* 28 U.S.C. § 1295(a)(9); *see also Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009), Ms. Butler's pending timely petition at the Board renders the initial decision non-final for purposes of our jurisdiction.  *See* 5 U.S.C. § 7701(e)(1)(A) (providing that the initial decision does not become final if a party timely petitions the Board for review); 5 C.F.R. § 1201.113(a) ("The initial decision will not become the Board's final decision if within the time limit for filing . . . any party files a petition for review . . . .").[1]

Two potential paths to this court's review are available.  First, Ms. Butler may wait to receive a final decision from the Board on her petition, at which point she may seek this court's review by filing a timely petition here if necessary.  Alternatively, Ms. Butler may file a motion at the Board to withdraw her petition pursuant to the June 2022 policy specified on the Board's website.[2]  Under that policy, the

---

[1]    Ms. Butler argues the initial decision nonetheless became final by operation of 29 C.F.R. § 38.112(b)(vii)(A) (part of regulations for the Implementation of the Nondiscrimination and Equal Opportunity Provisions of the Workforce Innovation and Opportunity Act), but she has not shown that applicable to the initial decision in this Merit Systems Protection Board proceeding.

[2]    Merit Sys. Prot. Bd., Policy Regarding Clerk's Authority to Grant Requests to Withdraw Petitions for Review                                                              (2022),

Clerk of the Board may grant requests to withdraw a petition for review when there is no apparent issue of untimeliness with the petition and no other party objects to the withdrawal. When the Clerk grants a request to withdraw, the order granting the request will be the final order of the Board for purposes of obtaining judicial review.

Accordingly,

IT IS ORDERED THAT:

(1) ECF No. 5 is granted to the extent that the petition for review is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 21, 2024
        Date

---

https://www.mspb.gov/appeals/files/Policy_Regarding_Withdrawal_of_a_Petition_for_Review_1515773.pdf (last visited July 26, 2024).