NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADAM STEIGERT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1906

---

Petition for review of the Merit Systems Protection Board in No. PH-3443-25-1394-I-1.

---

**ON MOTION**

---

Before DYK, LINN, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

## O R D E R

Adam Steigert petitions this court to review a decision of the Merit Systems Protection Board dismissing his appeal subject to automatic refiling in January 2026. In response to this court's order to show cause, the Board urges

dismissal.[1] Mr. Steigert argues that this court should retain jurisdiction and submits several motions that appear to argue the merits of the case, including a motion for leave to submit a reply to the show cause order.

This court's jurisdiction is generally limited to "final" orders or decisions of the Board, 28 U.S.C. § 1295(a)(9), i.e., a decision or order that "ends the litigation on the merits," *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009). The Board's order dismissing the appeal subject to automatic refiling amounts to a stay of proceedings pending events that might affect the outcome of Mr. Steigert's appeal. Such orders do not end the litigation on the merits and are not typically final appealable decisions. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988). To the extent Mr. Steigert seeks mandamus relief based on the purported delay in resolving his appeal, we cannot say at this time that he has shown the type of egregious unreasonable delay that might warrant mandamus relief. *See generally Martin v. O'Rourke*, 891 F.3d 1338, 1344 (Fed. Cir. 2018).

Accordingly,

IT IS ORDERED THAT:

(1) The petition for review is dismissed.

(2) The motion for leave to file a reply to the show cause order, ECF No. 31, is granted.

---

[1] Although Mr. Steigert's Statement Concerning Discrimination Form indicated he raised discrimination claims before the Board, it appears he did so in connection with an Individual Right of Action appeal, and as such, he has not brought a so-called "mixed case" that would ordinarily belong in federal district court. *See Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328 (Fed. Cir. 2020).

STEIGERT v. MSPB                                                  3

(3)  All other pending motions are denied as moot.

(4)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

October 20, 2025
Date