NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AISHA TRIMBLE,**

*Petitioner*

**v.**

**DEPARTMENT OF THE TREASURY,**

*Respondent*

---

2025-1699, 2025-1700

---

Petitions for review of the Merit Systems Protection Board in Nos. DA-3330-23-0146-I-1, DA-4324-23-0148-I-1.

---

Decided:  March 4, 2026

---

AISHA TRIMBLE, Dallas, TX, pro se.

KYLE SHANE BECKRICH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ALBERT S. IAROSSI, WILLIAM KANELLIS, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, TARANTO and STOLL, *Circuit Judges*.

PER CURIAM.

Aisha Trimble applied for a job with the Internal Revenue Service but was not selected. Ms. Trimble petitions for review of a decision of the Merit Systems Protection Board that granted corrective action and ordered the IRS to reconstruct its selection process. Because the decision of the Board was not final, we lack jurisdiction and therefore dismiss Ms. Trimble's petition.

BACKGROUND

Ms. Trimble served on active duty in the United States Army and is an honorably discharged veteran with a service-connected disability. She applied for a Staff Assistant position with the IRS Human Capital Data Management and Technology (HCDMT) office in Washington, D.C. The vacancy was announced under the agency's merit promotion plan and was open to current federal competitive service employees and other specified status candidates, including preference eligibles and veterans, such as Ms. Trimble. Appx 86–90 (showing Ms. Trimble was not a current federal employee).[1]

After Ms. Trimble applied for the vacancy in June 2022, her name was placed on the merit promotion certificate of eligibles list along with 156 other applicants and sent to the HCDMT Director (i.e., the selecting official). In July 2022, at the direction of the HCDMT Director, his Executive Assistant reviewed the certificate and assessed the applications using the limiting "criteria of any applicants in the Washington, [D.C.], Maryland, or

---

[1]    "Appx" refers to the Appendix filed by Ms. Trimble with her Informal Opening Brief. *See* ECF No. 15. We use the pagination provided in the header of the Appendix.

Virginia (DMV) area and/or current IRS employees." SAppx 104–05.[2] The Executive Assistant accordingly provided the HCDMT Director and Acting Deputy Director with a list narrowed down to include only current IRS employees, irrespective of location, and non-IRS employee applicants that lived in the DMV area. *Id.* This list did not include Ms. Trimble because she was a non-IRS employee applicant that lived outside the designated geographic area. The Acting Deputy Director then recommended to the Director a nonpreference-eligible applicant—who was currently employed in Washington, D.C. at another Federal agency—and identified four alternates. After determining that the initial selectee was precluded from further consideration, the HCDMT Director, his Executive Assistant, and the Acting Deputy Director interviewed three of the alternates—one of whom was a veteran—and selected and filled the position with one of the nonpreference-eligible candidates.

Ms. Trimble was notified that she had not been selected for the position on September 21, 2022. After exhausting her administrative remedies with the Department of Labor, Ms. Trimble filed an appeal with the Board challenging her non-selection. The administrative judge docketed her appeal as two separate appeals: one arising under the Veterans Employment Opportunities Act of 1998 (VEOA), including her claims under the Veterans Preference Act of 1944 (VPA), and one arising under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). The administrative judge denied both requests for corrective action. Ms. Trimble filed a petition for Board review. The Board joined the two

---

[2]    "SAppx" refers to the Supplemental Appendix filed by the Government with its Informal Response Brief. *See* ECF No. 23. We use the pagination provided in the footer of the Supplemental Appendix.

appeals and, on February 25, 2025, affirmed the initial decision denying corrective action under the USERRA but reversed the initial decision denying corrective action under the VEOA. As a remedy for the VEOA violation, the Board ordered the IRS to reconstruct the selection process, giving consideration to Ms. Trimble and any other preference eligible or veteran. SAppx 14.

Following the Board's Final Order, Ms. Trimble filed a petition for liquidated damages at the Board. RAppx 14–22.[3] While the petition for liquidated damages was pending, the HCDMT Director conducted a reconstructed selection process in which he considered Ms. Trimble's application materials along with those of the other 90 veteran and preference-eligible applicants and determined that she would not have been selected for the position. RAppx 49–51. Ms. Trimble then filed a petition for enforcement of the Board's Final Order, RAppx 23–27, before petitioning this court to review the Board's Final Order. Ms. Trimble's petition for liquidated damages and petition for enforcement of the Board's Final Order remain pending before the Board.

## DISCUSSION

"As a threshold matter, we are called upon in this case to exercise our 'special obligation' to satisfy ourselves of our own jurisdiction." *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "Section 1295(a)(9) of Title 28 circumscribes our jurisdiction to review the Board's decisions, limiting it to jurisdiction over 'an appeal

---

[3] "RAppx" refers to the Appendix filed by Ms. Trimble with her Informal Reply Brief. *See* ECF No. 27. We use the pagination assigned by the CM/ECF system for Ms. Trimble's Informal Reply Brief and the Appendix attached thereto.

from a final order or final decision of the' Board." *Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 999 (Fed. Cir. 1995) (quoting 28 U.S.C. § 1295(a)(9) (conferring jurisdiction over "an appeal from a *final order or final decision* of the . . . Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5" (emphasis added))); 5 U.S.C. § 7703(b)(1)(A) ("[A] petition to review a *final order or final decision* of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." (emphasis added)). "Our jurisdiction over a petition therefore turns on whether the determination that the petitioner seeks to appeal 'constitutes a "final order or final decision" for purposes of section 1295(a)(9).'" *Morrison v. Dep't of the Navy*, 876 F.3d 1106, 1109 (Fed. Cir. 2017) (quoting *Weed*, 571 F.3d at 1361); *id.* at 1110 n.2 ("The Board's characterization of its order does not, however, govern our jurisdiction under our jurisdictional statutes.").

"The statutory requirement that we limit our review to 'final' orders and decisions of the Board parallels the familiar 'final judgment rule' in appellate proceedings, which is aimed at curbing 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" *Id.* at 1109 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)). "The Supreme Court has consistently held that as a general rule an order is final only when it 'ends the litigation on the merits and leaves nothing for the court to do but execute [the] judgment.'" *Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (Fed. Cir. 1986) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)).

"The same policy underlies the principle that 'an order remanding a matter to an administrative agency for further findings and proceedings is not final.'" *Morrison*, 876 F.3d at 1109–10 (quoting *Cabot*, 788 F.2d at 1542). As we explained in *Morrison*:

> In determining whether an agency has remanded the case for further proceedings, we look to whether the agency has required further administrative adjudication; we do not base our decision on whether the agency has formally denominated its action as a "remand." If the agency's order contemplates further adjudication or other proceedings beyond the ministerial implementation of the agency's directive, the order will be treated as a remand.

*Id.* at 1110 (citations omitted); *see Weed*, 571 F.3d at 1362 (dismissing appeal for lack of jurisdiction where the Board's decision was, "in essence, a remand" because the Board forwarded the petition to the Board's field office for "further adjudication" and ordered the Social Security Administration to reconstruct the hiring process for the position for which the petitioner had applied).

Although the Board granted Ms. Trimble's petition for review under the VEOA and reversed the determination of the administrative judge, the Board's order did not "dispose[] of the entire action." *Haines*, 44 F.3d at 1000 (quoting 5 C.F.R. § 1201.113). Rather, the Board ordered the IRS to "reconstruct the selection process for the Staff Assistant position, giving consideration to [Ms. Trimble] and any other preference eligible or veteran consistent with 5 U.S.C. § 3304(f)(1)." SAppx 14. Thus, the Board's decision in this case "required further administrative adjudication." *Morrison*, 876 F.3d at 1110.

Although the IRS has reconstructed the selection process and determined that Ms. Trimble would not have been selected for the position, RAppx 49–51, it appears the Board has yet to reach a final determination on this question or any of the remedies sought by Ms. Trimble. As Ms. Trimble acknowledges, the Board has not acted on her motion for liquidated damages and petition for enforcement. Pet. Inf. Reply Br. 10–11. Any compensatory relief she seeks pursuant to 5 U.S.C. § 3330c is awarded for "any

loss of wages or benefits suffered by the individual by reason of the violation" and any liquidated damages depend on the Board "determin[ing] that such violation was willful." 5 U.S.C. § 3330c(a). Thus, Ms. Trimble is not entitled to those forms of compensation unless, following the reconstruction process, the Board reaches a final determination that Ms. Trimble would have been hired had the IRS not violated Ms. Trimble's right to compete. *See Weed*, 571 F.3d at 1362 ("An appeal concerning the availability of liquidated damages for a willful violation—while litigation continues at the Board level concerning whether there was any violation at all—is precisely the kind of 'piecemeal appellate review' that the final judgment rule is designed to prevent.").

As such, the Board's decision with respect to Ms. Trimble's joined VEOA and USERRA appeals was not final for purposes of 28 U.S.C. § 1295(a)(9).

### CONCLUSION

For the foregoing reasons, we dismiss Ms. Trimble's petition for lack of jurisdiction.

### DISMISSED

### COSTS

No costs.