NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HERBERT RUSSELL,**
*Petitioner*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2015-3183

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-11-0405-M-1.

---

Decided: December 15, 2015

---

HERBERT RUSSELL, Charlotte, NC, pro se.

SCOTT MACGRIFF, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before REYNA, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Herbert Russell appeals several decisions of the Merit Systems Protection Board ("Board") that affirmed the Department of Health and Human Services' decision not to hire Mr. Russell. We affirm the Board's decisions, because substantial evidence supports the Department of Health and Human Services' finding that Mr. Russell was not qualified for the position he applied for in 2010.

## BACKGROUND

The background in this case was previously described in *Russell v. Dep't of Health & Human Servs.*, 591 F. App'x 937, 938-40 (Fed. Cir. 2014). In summary, in 2010, the Department of Health and Human Services ("DHHS" or "the agency") advertised a job vacancy for a Social Science Analyst position. Mr. Russell applied for that position but was not hired. When he investigated why he was not hired, it was determined that he did not receive the entire ten-point hiring preference he was entitled to as a disabled veteran. Mr. Russell had not received the entire preference because he filed unnecessary paperwork under a fax coversheet for filing veterans preference documentation. This resulted in the agency's hiring software overwriting the veterans preference documentation he had previously submitted.

Mr. Russell filed a Veterans Employment Opportunities Act ("VEOA") appeal with the Board. In 2012, the Board ordered DHHS to reconstruct the selection process using Mr. Russell's correct veterans preference points because "it appear[ed] that" Mr. Russell would have been the top-ranked applicant in the original selection process, had he received a 10–point preference. *Russell v. Dep't of Health & Human Servs.*, 117 M.S.P.R. 341, 342, 2012 WL 335602 (M.S.P.B. Feb. 2, 2012).

"[R]econstruction of the selection process is an appropriate remedy where [] 'it is unknown whether a veteran

would have been selected for a position.'" *Schoenrogge v. Dep't of Justice*, 385 F. App'x 996, 998 (Fed. Cir. 2010) (quoting *Marshall v. Dep't of Health and Human Servs.*, 587 F.3d 1310, 1316 (Fed. Cir. 2009)). When an agency is ordered to reconstruct a selection process, it must do so "in accordance with applicable veterans' preference laws." *Phillips v. Dep't of Navy*, 24 M.S.P.R. 19, 23, 2010 WL 1889034, *2 (M.S.P.B. Apr. 23, 2010).

In the reconstructed process, Mr. Russell was not hired because the agency determined that he did not meet the minimum requirements for the position. Mr. Russell appealed to the Board and challenged the agency's determination that he was not qualified for the position. He pointed to evidence indicating that the agency had previously determined that he was qualified for the position, including a January 2011 letter that DHHS sent to the Department of Labor stating that Mr. Russell was qualified for the job.

In July 2013, the Board found that DHHS had not adequately explained the inconsistency of why it appeared to have found Mr. Russell qualified in the original process, but unqualified in the reconstructed process. The Board remanded with instructions that DHHS provide credible evidence explaining "its apparent change in its assessment of [Mr. Russell's] qualifications." *Russell v. Dep't of Health & Human Servs.*, 120 M.S.P.R. 42, 49-50, 2013 WL 3816389, *4-5 (M.S.P.B. July 24, 2013).

On August 2, 2013, an administrative judge issued an order requiring DHHS to submit evidence explaining the inconsistency and stating a deadline for any reply from Mr. Russell. After receiving evidence from the agency, the administrative judge found that the agency had provided credible evidence to support its finding that Mr. Russell was not qualified and that the indications that Mr. Russell was qualified were a mistake. *Russell v. Dep't*

*of Health & Human Servs.*, DC-3330-11-0405-B-1, 2013 WL 6805808 (Sept. 30, 2013). Mr. Russell did not reply.

Mr. Russell appealed to the Board and argued that he did not receive the August 2013 order and had no opportunity to reply to the agency's new evidence. On that basis, he submitted new evidence with his appeal. In April 2014, the Board affirmed that the agency's explanation of the inconsistencies was adequate. The Board did not address Mr. Russell's newly submitted evidence, or his argument that he had not had the opportunity to submit the evidence.

Mr. Russell appealed the Board's decision to this court. In November 2014, this court remanded to the Board to consider whether Mr. Russell received the August 2013 order and, if not, whether his substantive rights were prejudiced. *Russell v. Dep't of Health & Human Servs.*, 591 F. App'x 937, 942 (Fed. Cir. 2014).

On remand, the Board reviewed the evidence that Mr. Russell had previously submitted to the Board in reply to the agency's response to the August 2013 order. The Board found that most of the evidence Mr. Russell submitted was his own analysis regarding his qualifications for the job. On May 8, 2015, it issued a decision finding that "assuming arguendo that the appellant did not receive the August 2, 2013 order, that this error did not prejudice his substantive rights." *Russell v. Dep't of Health & Human Servs.*, No. DC-3330-11-0405-M-1, 2015 WL 2165597 (M.S.P.B. May 8, 2015).

On appeal to this court, Mr. Russell argues that the 2012 reconstruction was unnecessary and that the Board (in its July 2013 decision) should have required an audit rather than an agency explanation of why it appeared that the agency's assessment of Mr. Russell's qualifications had changed. Mr. Russell argues that the Board's April 2014 decision upholding the agency's determination that he was not qualified was incorrect. He also argues

that the Board should have found that DHHS officials made false statements and that the Board failed to rule on a May 29, 2015 motion to reopen the record so he could submit additional evidence after the Board issued its decision on remand from this court.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review authority of Board decisions is restricted. We cannot review or reweigh factual findings. We only determine whether the agency's actions, findings, or conclusions were "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Abrams v. Soc. Sec. Admin.,* 703 F.3d 538, 542 (Fed. Cir. 2012) (internal quotation marks and citation omitted).

In chief, Mr. Russell argues on appeal that the reconstruction hiring process was improper, that he was entitled to a pass-over audit, that the Board should have ordered him deemed qualified instead of seeking from the agency an explanation about inconsistencies about his qualifications, and that the Board's finding that he was not qualified for the position was erroneous. We address each of these arguments in turn.

Mr. Russell argues that the Board erred in requiring a reconstructed hiring process and that it should have simply ordered that he was the highest-ranking candidate among the 2010 applicants. As noted above, reconstruction is an appropriate remedy if it is uncertain whether a veteran would have been selected for a position. We find no fault in the Board's determination that such an uncertainty existed. Indeed, Mr. Russell's brief acknowledges

that it is uncertain whether he would have ultimately been selected for the position even had he received the ten-point preference in the initial selection process.

Mr. Russell further argues that the Board should have required an Office of Personnel Management pass-over audit rather than requesting that the agency explain inconsistencies about Mr. Russell's qualification for the position. We disagree. Under 5 U.S.C. § 3318, if Mr. Russell had been one of the three highest-ranking eligible candidates, then such an audit would have been necessary before DHHS could select a lower-ranking applicant. *Scharein v. Dep't of Army*, 91 M.S.P.R. 329, 334, 2002 WL 960016 (M.S.P.B. Apr. 29, 2002) *aff'd*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008). In the reconstructed process, DHHS found Mr. Russell unqualified. As a result, its decision that he was not one of the three highest-ranking eligible candidates is supported by substantial evidence. A129-36.

Mr. Russell next argues that the Board's April 2014 decision upholding the agency's determination that he was not qualified was erroneous on several grounds. First, Mr. Russell argues that the agency applied the wrong disqualification standard, and in support cites to *Middlebrooks v. Soc. Sec. Admin.*, 120 M.S.P.R. 572, 2014 MSPB LEXIS 1276, *9 (M.S.P.B. 2014). Mr. Russell's argument appears to rely on a statement from *Middlebrooks* that the applicant was unqualified "[b]ecause none of the applicant's prior experience was similar to the position she sought." *Id.* He appears to argue that this court must first determine whether "none" of his prior experience is similar to the position sought before affirming a finding that he was unqualified. This argument, however, overlooks that even if much of applicant's prior experience is similar to the position sought, an applicant may be unqualified for a position where the applicant does not meet the minimum qualifications.

Here, the agency's decision finding Mr. Russell unqualified is supported by substantial evidence. The position required that applicants meet one of three basic education requirements, and the agency determined that Mr. Russell's application did not demonstrate that he met any of those. The position also required that applicants have certain specialized experience, and the agency determined that Mr. Russell's application demonstrated that he lacked the specialized experience.

To qualify at the GS–12 level, an applicant must have one year of specialized experience "developing and administering workforce assessment tools such as survey/questionnaire instruments, interview techniques and data collection/evaluation methods as well as conducting studies and analyses of data to make recommendations to management." A85. To qualify at the GS–13 level, an applicant must have one year of specialized experience "using advanced principles, techniques, and methods of industrial and organizational psychology, organizational development and change management in order to develop measurement methods, written communication materials, conduct workshops, monitor progress and evaluate results in order to provide consultative services to groups and individuals in a regulatory organization." A86.

On his application, Mr. Russell stated that he met the basic educational requirements by "having a combination of education and experience that has provided me with knowledge of one or more of the behavioral or social sciences equivalent to a degree in the field." A110. The agency determined that while Mr. Russell had taken a variety of different behavioral and social science courses in pursuit of his degrees in business and management, these courses did not combine with his work experience to show that his experience in behavioral or social science was equivalent to a degree in the field.

The Board agreed with the agency that Mr. Russell did not have the required specialized experience for the position. His application demonstrated he had some experience in a few of the areas described in the specialized experience requirements, but no experience in most of them. A112-A113. Consequently, we affirm the Board's decision that the Mr. Russell was not qualified for the position sought. "[T]he VEOA does not enable veterans to be considered for [employment] positions for which they are not qualified." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012).

Mr. Russell argues that the Board should have ruled on a May 29, 2015 motion he filed to reopen the record so he could submit additional evidence on remand from this court. This motion was filed after the Board issued its May 8, 2015 final decision that Mr. Russell's substantive rights were not affected even if he did not receive the administrative judge's August 2013 order.

This court remanded to the Board for the limited purpose of requiring the Board to consider the evidence Mr. Russell had submitted with his appeal brief to the Board. This court instructed the Board to determine whether its decision not to review the evidence had affected Mr. Russell's substantive rights. This court's remand did not require that Mr. Russell be given the ability to respond to the August 2013 letter anew or submit new evidence.

Finally, Mr. Russell renews his argument that the Board should have found that DHHS officials made false statements. Mr. Russell points to minor inconsistencies in statements by agency officials regarding how the original selection process and reconstructed selection process occurred. Mr. Russell argues that these inconsistencies indicate that the agency deliberately chose to find him unqualified despite his being qualified. We find this argument to be unpersuasive.

CONCLUSION

For the foregoing reasons, we affirm the decisions of the Board.

**AFFIRMED**

COSTS

No costs.