NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARAY J. BENTON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**NUCLEAR REGULATORY COMMISSION,**
*Intervenor*

---

2015-3004

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-13-0508-W-1.

---

Decided: September 12, 2016

---

LARAY J. BENTON, Mitchellville, MD, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

JESSICA COLE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before NEWMAN, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Mr. LaRay J. Benton appeals the judgment of the Merit Systems Protection Board, dismissing his Individual Right of Action (IRA) appeal.[1] The Board now states, in its Respondent's brief on this appeal, that "the administrative judge and the full Board erred in analyzing Mr. Benton's 11 alleged personnel actions as protected disclosures." MSPB Br. 11. The Board also states that it erred in holding that Mr. Benton had not exhausted his administrative remedies as to disclosures 4 and 10 of the eleven actions. The Board nonetheless argues that this court on appeal should decide the issues of actions 4 and 10; the Board states that we should decide in favor of the position as argued in the Board's Respondent's brief on this appeal, without opportunity for Mr. Benton to be heard by the Board on this new analysis.

The Board's proposal is inappropriate not only as a matter of due process, but also because a court generally may review an agency's decision only on the grounds "upon which the record discloses that its action was based." *Securities & Exchange Comm'n v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *see Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 527–28 (Fed. Cir. 1992) (*Chenery* doctrine

---

[1] *Benton v. Nuclear Regulatory Comm'n*, DC-1221-13-0508-W-1, 2014 WL 5358394 (M.S.P.B. July 29, 2014) (Final Decision).

prohibits affirming the Board on "a wholly different theory" or "entirely different ground from the one it gave in its opinion").

We salute the Board's action in correcting its errors. However, with the concession that for disclosures 4 and 10 Mr. Benton had exhausted the OSC administrative remedy, the Board's judgment on this Individual Right of Action appeal is no longer final. 28 U.S.C. § 1295(a)(9) (2006) (conferring jurisdiction over "an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5"); *see, e.g. Rockwell v. Dep't of Transp., F.A.A.*, 789 F.2d 908, 913 (Fed. Cir. 1986) ("Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the board on the record."); *Johnson v. U.S.P.S.*, 527 Fed. App'x 868, 871 (Fed. Cir. 2013) (remanding when agency conceded that controlling standard was not considered by the Board).

As the Board's order is no longer final, we dismiss this appeal for lack of jurisdiction. The case is remanded to the Board for further proceedings.

## DISMISSED AND REMANDED

### COSTS

Costs to Mr. Benton.