NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAURICE GRAYTON,**
*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent*

---

2017-1349

---

Petition for review of the Merit Systems Protection Board in No. SF-4324-16-0551-I-1.

---

Decided: April 7, 2017

---

MAURICE GRAYTON, Chula Vista, CA, pro se.

LAUREN MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before TARANTO, SCHALL, and STOLL, *Circuit Judges.*

PER CURIAM.

Maurice Grayton appeals a final decision by the Merit Systems Protection Board denying his request for corrective action. Mr. Grayton appealed to the Board alleging that the Social Security Administration discriminated against him by not selecting him for a Claims Specialist position based on his military service, in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301–4335) ("USERRA"). After considering documentary and testimonial evidence related to his nonselection, the Board found Mr. Grayton's USERRA claim unsupported by the record. Because we find no error in the Board's decision, we affirm.

## BACKGROUND

Mr. Grayton served in the United States Marine Corps and was honorably discharged in 1993.

On March 8, 2016, Mr. Grayton applied for a Claims Specialist position in the SSA. Mr. Grayton's application included, among other things, his resume and a copy of his DD-214 indicating his prior military service. Mr. Grayton claimed eligibility for a 10-point enhancement based on his military service, but he was only awarded 5 points because his application lacked the necessary documentation to support his disability in order to receive a higher rating.

Although Mr. Grayton was eligible for a Claims Specialist position, he was not recommended for a second interview and ultimately was not selected. Notably, all the candidates who interviewed for the position were also preference-eligible veterans.

Mr. Grayton appealed the SSA's nonselection decision to the Board. His appeal asserted that the SSA did not assign him the correct veteran preference points and discriminated against him based on his prior military

service by not selecting him for a Claims Specialist position. Mr. Grayton argued that his prior military service was a motivating factor for his nonselection, asserting that "but for" his prior service, he would have been referred for a second interview and selected. The appeal also raised claims under the Veterans Employment Opportunities Act ("VEOA"), and a claim for discrimination based on national origin.[1]

The Board held a hearing during which Mr. Grayton testified that based on his resume and prior military service, he should have been recommended for a second interview for a Claims Specialist position. At the same time, Mr. Grayton admitted that his application did not contain the necessary supporting documents to certify his disabled veteran status to support a higher 10-point veterans rating. Mr. Grayton explained that he tried to "mitigate" this deficiency by contacting the SSA, to no avail. *Grayton v. Soc. Sec. Admin.*, No. SF-4324-16-0551-I-1 (M.S.P.B. Oct. 12, 2016). Nonetheless, Mr. Grayton averred that his resume and DD-214 indicating his prior military service and an SSA employee's statement that "we just want to put a face to the name," were a "strong indication" that he was being targeted and discriminated against. *Id.* at 4. Mr. Grayton maintained that because he honorably served in the military, he was "a direct pass to go" and should have received preferential treatment in the SSA's hiring decision. *Id.*

The Board also considered the testimony of five agency witnesses, including Human Resources and other

---

[1]    We note that Mr. Grayton's initial appeal to the Board asserted a claim for discrimination based on national origin, but the Board did not address this claim, and Mr. Grayton does not raise it on appeal. Therefore, we do not reach Mr. Grayton's claim for discrimination based on national origin.

personnel involved in interviewing Mr. Grayton or reviewing his application. Each witness testified that Mr. Grayton's military service played no role in their decision to not recommend Mr. Grayton for a position.

Based on its review of the record, the Board found the SSA Human Resources employees' testimony credible and found that there was no evidence that Mr. Grayton's military service played a role in the SSA's decision to not refer him for a second interview or select him for a Claims Specialist position. The Board found the record "totally devoid of any evidence raising any inference of discrimination based on his uniformed service." *Id.* at 6. Accordingly, the Board found that Mr. Grayton failed to meet his burden of proving, by a preponderance of evidence, that his military service was a motivating factor in his nonselection for a Claims Specialist position. Mr. Grayton now appeals the Board's decision.

DISCUSSION

I.

When reviewing a decision by the Board, we must affirm unless its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *See Gallagher v. Dep't. of Treasury*, 274 F.3d 1331, 1336 (Fed. Cir. 2001) (quoting *Hogan v. Dep't of Navy*, 218 F.3d 1361, 1364 (Fed. Cir. 2000)). Further, the Board has discretion to evaluate witness credibility, and "such evaluations are 'virtually unreviewable' on appeal." *King v. Dep't. of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998) (quoting *Clark v. Dep't of Army*, 997 F.2d 1466, 1473 (Fed. Cir. 1993)).

USERRA provides that a person who is a member of, performs, or has performed service in, a uniformed service shall not be denied employment or any benefit of employment on the basis of that membership. *See* 38 U.S.C. § 4311(a). The statute further provides that an employer shall be deemed to have engaged in discriminatory conduct if the person's service in a uniformed service is a motivating factor in the employee's action. *Id.* at § 4311(c)(1). "USERRA discrimination claims are analyzed under a burden-shifting mechanism." *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). An employee making a claim under USERRA "bears the initial burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the adverse employment action." *Id.* Here, substantial evidence supports the Board's determination that Mr. Grayton failed to meet his burden to show that his military service was a motivating factor in his nonselection.

As explained above, the Board considered the testimony of several witnesses, including Mr. Grayton, in reaching its decision. The Board heard testimony from the human resources assistant who processed Mr. Grayton's application. She testified that Mr. Grayton failed to provide supporting documentation to meet the eligibility requirements for a 10-point rating and received a 5-point status instead. Mr. Grayton admitted that he did not submit the required documentation, explaining that he did not have enough time to get the required certifications before the vacancy announcement closed.

The record evidence shows that Mr. Grayton was initially referred for a Claims Specialist position as a preferred-veteran candidate for the SSA's Chula Vista, National City, and San Diego offices. The Board considered the testimony of three agency witnesses who were involved in the SSA's decision to not select him for a second interview. The witnesses all testified that

Mr. Grayton's military service played no role in their decision not to recommend Mr. Grayton for a second interview. The Board credited this testimony, which we do not disturb on appeal. *See King*, 133 F.3d at 1453. Further, the evidence demonstrated that each candidate interviewed for a position was also a preference-eligible veteran. The fact that these candidates were themselves veterans refutes Mr. Grayton's claim that he was discriminated against based on his military service. Thus, there is no evidence in the record, other than Mr. Grayton's conclusory allegations, to support Mr. Grayton's claim that he was not selected because of his military service.

Therefore, we conclude that substantial evidence supports the Board's finding that Mr. Grayton failed to prove by a preponderance of evidence that his military service was a motivating factor in the SSA's decision not to select him. Accordingly, we affirm the Board's decision.

## II.

Lastly, we note that in his petition for appeal, Mr. Grayton asks us to review his claims raised under the VEOA and Veterans Readjustment Act's ("VRA") Schedule A hiring authority based on his disability. *See* 5 U.S.C. § 3330a; 38 U.S.C. § 4214. A claim under USERRA, which provides that veterans may not be discriminated against, differs from a claim brought under the VEOA, which relates to a veteran's eligibility for preference in the hiring process through which they may be awarded additional points based on their veteran status. Thus, USERRA requires that veterans are treated equally, while VEOA actually provides veterans preference in some circumstances. *See* 5 U.S.C. §§ 3309–3312. While we acknowledge that Mr. Grayton's initial appeal to the Board did include a claim under the VEOA, alleging that the SSA did not properly assign him 10 points based on his veteran status, this claim is not addressed in the Board's decision currently on appeal. We take notice,

however, that Mr. Grayton's VEOA claim is being pursued in a separate appeal currently pending before the Board. *See Grayton v. Soc. Sec. Admin.*, No. SF-3330-16-0552-I-1 (Notice of Appeal). Because Mr. Grayton's VEOA claim has yet to be decided by the Board, there is no final decision with respect to his VEOA claim. Mr. Grayton's appeal based on the VEOA is therefore premature and we lack jurisdiction to consider it at this time. *See* 28 U.S.C. § 1295(a)(9) (2011) (providing that this Court has jurisdiction to review a "final order or final decision of the Merit Systems Protection Board"); *see also Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361–63 (Fed. Cir. 2009) (holding that this Court's review of Board decisions is limited to final orders or final decisions).

On appeal, Mr. Grayton also asserts that he should have been hired pursuant to the VRA hiring authority based on his disability. *See* 38 U.S.C. §§ 4212(a)(3), 4214. As stated above, however, although the Board considered evidence related to Mr. Grayton's disability status, the issue of whether the SSA applied the correct veterans preference rating based on Mr. Grayton's disability is an issue currently pending before the Board, which we do not reach for lack of jurisdiction. *See* 28 U.S.C. § 1295(a)(9); *Weed*, 571 F.3d at 1361–63.

CONCLUSION

Because we find that the Board's decision was not arbitrary, capricious, an abuse of discretion, or not in accordance with law, and is supported by substantial evidence, we affirm the Board's decision.

**AFFIRMED**

COSTS

No costs.