Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 21-1061

CARLOS ALMODOVAR,

Plaintiff, Appellant,

v.

DENIS RICHARD MCDONOUGH,
Secretary, United States Department of Veteran Affairs,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Lance E. Walker, U.S. District Judge]

Before

Kayatta and Barron, Circuit Judges,
and Talwani,* District Court Judge.

Robert F. Stone for appellant.
Katelyn E. Saner, Assistant United States Attorney, with whom
Donald E. Clark, Acting United States Attorney, and John G. Osborn,
Assistant United States Attorney, were on brief, for appellee.

December 13, 2021

---

* Of the District of Massachusetts, sitting by designation.

**KAYATTA**, **Circuit Judge**.  Carlos Almodovar alleges that, in 2016, he was unlawfully passed over for a position within the Maine Healthcare System of the U.S. Department of Veterans Affairs (the "VA") both due to discrimination based on his gender and disability status and in retaliation for reporting past discrimination.[1]  The district court granted summary judgment to the VA.  Almodovar raises, in essence, two arguments on appeal, but the first was untimely and he failed to exhaust the second.  Accordingly, we now affirm.

First, Almodovar complains that the district court failed to permit him to amend his complaint to introduce a memorandum written in 2012 by an employee within the VA's Equal Employment Opportunity office who retired in January 2020.  The memo, retained by the employee but apparently never put in agency records or shown to anyone else, discussed events that could be read to support a race or national-origin discrimination claim by Almodovar against his manager at the time.  The parties in this case were unaware of this 2012 memo until its author sent it to each side shortly after her retirement, which was five months before the VA moved for summary judgment.  Nearly a month after summary judgment briefing concluded and ten months after the

[1]  On appeal, he asserts that he has raised race and national-origin discrimination claims.  But, because such claims were not alleged below, we do not consider them.

- 2 -

parties received the memo, Almodovar filed what he styled as a motion to amend his complaint, seeking to add an allegation that the VA improperly withheld the memo during the course of litigation.[2] The district court denied that motion because it was untimely. We agree. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) ("Once a scheduling order is in place, . . . [the] standard [for amendment] focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent."); Fed. R. Civ. P. 16(b). Almodovar has presented no justifiable reason why he should have been permitted to add a claim to his complaint after summary judgment was fully briefed based on evidence that he received five months before that briefing began. See Steir, 383 F.3d at 12 ("Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show 'substantial and convincing evidence' to justify a belated attempt to amend a complaint." (quoting Resolution Tr. Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994))).

---

[2] We reject Almodovar's repeated refrain that the VA, by "withholding" the memorandum, somehow violated his due process rights under Brady v. Maryland, 373 U.S. 83 (1963). This is a civil case, not a criminal case, so the constitutional restrictions outlined in Brady do not apply absent exceptional circumstances not applicable here. See Fox v. Elk Run Coal Co., 739 F.3d 131, 138 (4th Cir. 2014) (declining to apply a civil Brady rule because "only in rare instances" have courts applied Brady to civil proceedings).

On appeal, Almodovar maintains that he mislabeled his motion and that the district court should have considered it a motion to introduce the memo as evidence of his claims on summary judgment. Almodovar had originally attached the memo to his summary judgment briefing and argued that it was relevant to his claims of discrimination in connection with his 2016 pass-over, even though it concerned events that occurred four years earlier and involved different people. But, based on Almodovar's repeated failure to follow the local rules, the district judge did not consider his evidence, including the 2012 memo, in issuing summary judgment for the VA. Because Almodovar does not challenge those evidentiary rulings on appeal, we have nothing to review on that score. Regardless, Almodovar can claim no prejudice resulting from the 2012 memo's exclusion because, even accepting that the memo evidences race and national-origin discrimination by a former manager in 2012, it does not support his claims in this case. The memo detailed activity that occurred four years prior to the employment action challenged in this lawsuit, involved alleged bias by a person not involved in this suit, and concerned issues that Almodovar settled with the Equal Employment Opportunity Commission in 2012. So, for each of these reasons, we can find no fault in how the district court handled Almodovar's quite belated motion.

Second, Almodovar argues in his opening brief that the VA violated his due process rights by failing to follow the requirements of 5 U.S.C. § 3318, which apply to the selection of qualifying disabled veterans for certain employment positions. But that statutory scheme sets out a detailed process that veterans are required to go through to vindicate their rights under its provisions before turning to federal district court, see 5 U.S.C. §§ 3330a-3330b, and federal courts lack jurisdiction over claims made under that statute until that process has been followed, see Grayton v. SSA, 683 F. App'x 952, 956 (Fed. Cir. 2017). Almodovar did not follow that process here, so he failed to exhaust any potential claim arising under section 3318. See Conyers v. Rossides, 558 F.3d 137, 148–49 (2d Cir. 2009) (explaining the veteran preferences exhaustion process).[3]

In reply and at oral argument, Almodovar clarified that he is not raising a claim under the statute; rather, he contends that the failure to go through the statutorily mandated process when passing him over -- namely, obtaining permission from the Office of Personnel Management and providing him a chance to respond -- is evidence that the VA's non-discriminatory reasons for its decision are mere pretext. Since this argument was only clearly articulated for the first time in his reply brief, however,

---

[3] For this reason, we also reject Almodovar's contention that the VA raised exhaustion in "bad faith."

it is waived.  N. Am. Specialty Ins. Co. v. Lapalme, 258 F.3d 35, 45 (1st Cir. 2001) (arguments first raised in reply are waived); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (arguments not clearly developed in opening briefs are waived).

Almodovar raises no other preserved bases for challenging the entry of summary judgment dismissing his claim. We therefore affirm.