**John J. CORIANDER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3284.

United States Court of Appeals, Federal Circuit.

Dec. 7, 2001.

Before CLEVENGER, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

John J. Coriander seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal without prejudice. *Coriander v. Department of the Navy,* No. BN0752010073–I–1 (May 2, 2001). We *affirm.*

## I

By an appeal to the Board postmarked January 17, 2001, Mr. Coriander challenged the decision of the Department of the Navy ("agency") removing him from employment effective December 15, 2000. The agency's removal action was grounded on alleged excessive unauthorized absence from work from August 14 through December 15 of 2000. During that time, Mr. Coriander was incarcerated at the Bristol County House of Corrections in Rhode Island.

On February 23, 2001, Mr. Coriander sought a continuance, citing his incarceration and his desire to pursue his appeal at the Board after his release and reestablishment in the community. During a conference call conducted by the Board on March 28, 2001, Mr. Coriander informed the Board that he expected to be released from incarceration on April 4, 2001. Mr. Coriander and the agency agreed to a dismissal of his appeal without prejudice to refiling the appeal. The parties and the Board agreed that the appeal would be dismissed without prejudice, subject to Mr. Coriander refiling the appeal within 35 days from the date of the order dismissing the appeal without prejudice. The Board stated that the date of its decision was May 2, 2001, which meant that Mr. Coriander was required to refile his appeal within 35 days from May 2.

Mr. Coriander, however, did not seek to refile his appeal within 35 days from May 2. Instead, he filed a petition for review in this court, asserting that circumstances beyond his control precluded his timely refiling of his appeal. Since he did not take steps to refile his appeal within the stated time, the May 2, 2001, decision of the Board dismissing the appeal without prejudice became the final decision of the Board. The agency concedes that Mr. Coriander has timely sought review in this court.

## II

As the agency correctly notes, there is nothing for Mr. Coriander to contest at

this stage of his appeal to the Board. No error occurs when the agency dismisses an appeal without prejudice to refiling, and attaches a time limit for the refiling. As the agency notes in its brief to this court, it appears that Mr. Coriander asserts sound grounds to excuse his failure to refile his appeal within 35 days from May 2, 2001. As the agency suggests, the proper course is for Mr. Coriander to refile his appeal with the Board. He has the right to make the refiling, since the previous dismissal was without prejudice to refiling the appeal. Such a refiling will of course be untimely, given the terms of the previous dismissal without prejudice. But the Board's regulations require that the Board afford Mr. Coriander an opportunity "to show why the appeal should not be dismissed as untimely." *See* 5 C.F.R. § 1201.22(c) (2000).

As there is no error in the Board's entry of the May 2 dismissal without prejudice, we must affirm that decision. *See* 5 U.S.C. § 7703(c) (2000). If Mr. Coriander wishes to pursue his appeal to the Board, he simply has to refile his appeal. Thereafter the Board is required to give him the opportunity to explain why he was unable to refile his appeal within the agreed 35 days after May 2, 2001. If the Board finds merit in Mr. Coriander's excuse for not having timely refiled his appeal, his case will proceed on the merits. If the Board decides that Mr. Coriander has not shown why his appeal should not be dismissed as untimely, he is free to return to this court, seeking to establish that the Board would have erred in not excusing his untimeliness and allowing his appeal to proceed.