NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHEN STRAUSBAUGH,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3104

---

Petition for review of the Merit Systems Protection Board in AT315H090034-B-1.

---

Decided: October 7, 2010

---

STEPHEN STRAUSBAUGH, of Carriere, Mississippi, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before GAJARSA, LINN, and PROST, *Circuit Judges*.

PER CURIAM.

Stephen Strausbaugh ("Strausbaugh") appeals a final decision of the Merit Systems Protection Board ("Board") dismissing his appeals without prejudice and denying his motions for recusal of the administrative judge ("AJ"). *Strausbaugh v. Gov't Printing Office*, AT-315H-09-0034-B-1 (M.S.P.B. Aug. 27, 2009) (initial decision); *Strausbaugh v. Gov't Printing Office*, AT-4324-09-0264-I-2 (M.S.P.B. Aug. 27, 2009) (initial decision) (both initial decisions collectively "*Initial Decisions*"); *Strausbaugh v. Gov't Printing Office*, {AT-315H-09-0034-B-1, AT-4324-09-0264-I-2} (M.S.P.B. Jan. 14, 2010) (final order denying petition for review) ("*Board Decision*"). Strausbaugh timely appealed. Because the Board's decision was not final, this court lacks jurisdiction and dismisses Strausbaugh's appeal.

BACKGROUND

On September 28, 2008, the Government Printing Office ("GPO") removed Strausbaugh from the position of Electrician. Strausbaugh appealed his removal to the Board on October 10, 2008, alleging that the termination was based upon marital status discrimination and violations of the Uniformed Services Employment and Reemployment Act of 1984 ("USERRA"). On January 27, 2009, the AJ dismissed for lack of jurisdiction the portion of the appeal alleging marital status discrimination and docketed a new appeal for the USERRA claims. *Strausbaugh v. Gov't Printing Office*, AT-315H-09-0034-I-1 (M.S.P.B. Jan. 27, 2009). Strausbaugh petitioned for review of the dismissal. The Board found that Strausbaugh had made a non-frivolous allegation that his termination was based on his marital status and issued an order vacating the initial decision and remanding the appeal for further

adjudication. *Strausbaugh v. Gov't Printing Office*, AT-315H-09-0034-I-1 (M.S.P.B. May 27, 2009).

Strausbaugh thus had two pending appeals with the Board: one claiming his termination was based upon marital status discrimination and another claiming his termination was based on USERRA violations. In August, 2009, Strausbaugh made motions to dismiss both cases without prejudice on the ground that he was to begin active military duty in Iraq that was expected to last at least six months, beginning August 22, 2009.

Strausbaugh's motions requested, in the alternative, that the AJ recuse himself based on perceived bias. Strausbaugh asserted that because the AJ initially dismissed the appeal based on the allegation of marital status discrimination, he had already determined the outcome of the appeal prior to actually holding a hearing on the merits. In addition, Strausbaugh argued that the AJ demonstrated bias during a conference call held in August of 2009 by: (1) improperly refusing to include Strausbaugh's attorney in the call even though Strausbaugh himself was included; (2) stating that he (the AJ) had previously served as an agency counsel for eight years; and (3) acting "buddy buddy" towards the agency attorney.

The AJ dismissed both appeals without prejudice, denying in a footnote in each Initial Decision the requests for recusal. The AJ also gave Strausbaugh the following instructions on refiling:

> To refile this appeal, the appellant must submit a written request for such a refilling *to the undersigned* 30 calendar days from the date the appellant is released from active duty but, in any event, no later than August 27, 2010.

*Initial Decisions* at 2.[1]   In one motion, Strausbaugh petitioned the Board for review of the AJ's decision not to recuse himself in either appeal.  The Board, in a single opinion, adopted both of the AJ's Initial Decisions, concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome.  *Board Decision* at 1.  In his informal brief to this court, Strausbaugh does not challenge the dismissals without prejudice, but reiterates the arguments he made to the Board in his petition for review of the denial of his motion to recuse the AJ.

## DISCUSSION

In responding to Strausbaugh's informal brief, the government questions whether the AJ's decisions on Strausbaugh's motions to recuse are properly before this court.  "This court has the duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it." *Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844 (Fed. Cir. 1987) (en banc).  Strausbaugh's motions requested recusal only in the event that the AJ did *not* dismiss his appeals without prejudice.  However, the recusal motions were before the AJ at the same time as the motions to dismiss without prejudice, and although styled as alternative motions, could have had at least some relevance even on the grant of the dismissal motions.  Although dismissals without prejudice are not governed by specific Board regulations, the normal practice of the Board on granting such a dismissal is to require refiling with the AJ originally assigned to the case.  Peter B. Broida, *A Guide to Merit Systems Protection Board Law & Practice* 643 (26th

---

[1]   We note that the AJ set a deadline for refilling which has now passed.  The timing or propriety of the refilling of these appeals is not before this court and is not addressed in this opinion.

ed. 2009). Thus, the disposition of the recusal motions seemingly was relevant at least to the extent necessary for the AJ to determine the proper instructions for Strausbaugh on refiling. But without deciding the issue, even if the AJ properly exercised discretion in deciding the recusal motions at the same time as the case was dismissed without prejudice, the question remains as to what extent this court has jurisdiction over the recusal issue presented in Strausbaugh's appeal.

It is well-settled that this court does not have jurisdiction over non-final rulings of the Merit Systems Protection Board. *See Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) ("We have held that the final judgment rule applies to appeals from the Merit Systems Protection Board."); 28 U.S.C. § 1295(a)(9) (stating that this court has exclusive jurisdiction over "an appeal from a final order or final decision of the Merit Systems Protection Board"). Here, the AJ's rulings on Strausbaugh's motions to dismiss without prejudice are not final, appealable orders because they leave Strausbaugh the option of refiling his claims. *See, e.g., Taylor-Holmes v. Office of Cook Cnty. Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976); Wright, Miller & Cooper, Federal Practice and Procedure § 2367 ("The general rule is that a dismissal without prejudice is neither final nor appealable."). The denials of his motions for recusal also are not appealable final orders. *See, e.g., Liddell v. Bd. of Educ. of City of St. Louis*, 677 F.2d 626, 643 (8th Cir. 1982); *United States v. Washington*, 573 F.2d 1121, 1122 (9th Cir. 1978); Wright, Miller & Cooper, Federal Practice and Procedure § 3914.22 ("The rule is well settled that denial of a motion to disqualify the trial judge is not final."). Therefore, this court is without jurisdiction to address Strausbaugh's challenge to the denial of his motions to

recuse the AJ. For this reason, this court dismisses Strausbaugh's appeal. The dismissal of this appeal, however, should not be interpreted to foreclose Strausbaugh's challenge to the denial of his motions to recuse should his appeals to the Board be refiled at some future date.

For the foregoing reasons, this court dismisses the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

Each party shall bear its own costs.