NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re: AJIT JADHAV,**

*Petitioner*

---

2020-109

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. DC-1221-19-0556-W-1.

---

## ON PETITION

---

Before MOORE, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

## O R D E R

Ajit Jadhav seeks a writ of mandamus directing the Merit Systems Protection Board to vacate its August 16, 2019 order and to direct the Board to adjudicate his appeal. The Board and the Department of Health and Human Services ("the agency") oppose the petition.

Mr. Jadhav filed an individual right of action appeal with the Board in May 2019, alleging whistleblower retaliation. Three months later, the agency filed a motion arguing that, pursuant to the Appointments Clause of the United States Constitution, the administrative judge was an improperly appointed "inferior officer." The

administrative judge, the agency argued, therefore lacked authority to decide the appeal under *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018).

Invoking 5 C.F.R. § 1201.29, the administrative judge issued an order on August 16, 2019 that dismissed the appeal without prejudice, subject to automatic refiling in 180 days. In doing so, the administrative judge noted that the same issue was certified to the Board in April 2019 and was pending. Based on the possibility that a new Board could soon be confirmed and address the same issue, the administrative judge concluded that it would be in the interest of judicial economy to not proceed with this appeal for at least 180 days. Mr. Jadhav then filed this petition.

Mr. Jadhav "does not seek a ruling on the merits of his underlying claims." Pet. at 19. Nor does he seek a ruling on the issue of whether the administrative judges of the Board have the authority to issue initial decisions while the Board continues to lack a quorum. What he does seek is an order directing the immediate preparation of a scheduling order, conducting of discovery and then a hearing, and a timely initial decision on the merits. He contends that directive is appropriate because the current delay in adjudication amounts to a violation of his due process rights.

To obtain mandamus relief from this court, a petitioner must demonstrate that the legal rights at issue are indisputably clear. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004) (internal quotation marks and citations omitted).[*] The central question in

---

[*] The Board contends that mandamus is unavailable here because Mr. Jadhav could have appealed from the administrative judge's decision, and hence had an adequate alternative legal channel to obtain the relief requested. *See Cheney*, 542 U.S. at 380–81. As Mr. Jadhav notes, this court has issued several non-precedential decisions

evaluating a claim of unreasonable delay like the one asserted here is whether "the agency's delay is so egregious as to warrant mandamus." *Martin v. O'Rourke*, 891 F.3d 1338, 1344 (Fed. Cir. 2018) (quoting *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984)). Mr. Jadhav has not met this standard.

Mr. Jadhav identifies nothing in the statute that precludes the administrative judge from ordering dismissal of his appeal here subject to the automatic reinstatement period. In particular, 5 U.S.C. § 1221(f)(1) only specifies that "[a] final order or decision shall be rendered by the Board as soon as practicable after the commencement of any proceeding under this section." That does not create a clear right to have an administrative judge immediately proceed with these claims. *See In re A. Comty. Voice*, 878 F.3d 779, 784 (9th Cir. 2017) (explaining that "an agency cannot unreasonably delay that which it is not required to do").

Nor has Mr. Jadhav demonstrated that the administrative judge's determination to effectively stay

---

determining that an order that dismisses subject to automatic reinstatement is not a final order or decision of the Board within the meaning of 28 U.S.C. § 1295(a)(9). *See, e.g., Strausbaugh v. Merit Sys. Prot. Bd.*, 401 F. App'x 524, 526 (Fed. Cir. 2010). Although the Board calls this court's attention to two non-precedential decisions of this court affirming the Board's decision to dismiss without prejudice—*Coriander v. Merit Sys. Prot. Bd.*, 25 F. App'x 955, 955 (Fed. Cir. 2001) and *Kontogeorge v. Office of Pers. Mgmt.*, 907 F.2d 159, at *1 (Fed. Cir. 1990)—in neither of those cases did this court address the question of jurisdiction. At a minimum, the Board has not clearly shown that Mr. Jadhav could challenge the order on direct appeal. We therefore consider his petition.

proceedings for 180 days was clearly contrary to the law. At bottom, what Mr. Jadhav appears to be primarily concerned about is the potential delay and prejudice that may result because it is unclear when the Board will regain a quorum. While we are sympathetic to Mr. Jadhav's situation, we are not prepared to grant mandamus under these circumstances. However, the court will not rule out the possibility that the delay here could become egregious in the future, which could merit a reconsideration of the issue.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

February 28, 2020              /s/ Peter R. Marksteiner
      Date                     Peter R. Marksteiner
                               Clerk of Court

s24