NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CYRIL D. ORAM, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2022-1251

---

Petition for review of the Merit Systems Protection Board in No. AT-4324-20-0476-M-1.

---

Decided: June 7, 2022

---

CYRIL DAVID DANIEL ORAM, JR., Bellingham, WA, pro se.

KATRINA LEDERER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before LOURIE, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

Cyril D. Oram, Jr. appeals from the decision of the U.S. Merit Systems Protection Board ("the Board") dismissing his appeal without prejudice. *Oram v. Dep't of Com.*, No. AT-4324-20-0476-M-1 (M.S.P.B. Aug. 30, 2021), SAppx 1–10[1]. For the reasons explained below, we *dismiss* Oram's appeal for lack of jurisdiction.

## BACKGROUND

On April 24, 2020, Oram filed an appeal at the Board, alleging that the Department of Commerce discriminated against him based on his military service in violation of the Uniformed Services Employment and Reemployment Rights Act. SAppx 1. The Board dismissed his appeal for lack of jurisdiction. *Id.* Oram appealed to this court. *Id.* This court vacated and remanded the case for further proceedings concerning issues not relevant to this appeal. *Oram v. Merit Sys. Prot. Bd.*, 855 F. App'x 699, 700 (Fed. Cir. 2021).

On remand, Oram requested that the administrative judge dismiss his appeal without prejudice pending the outcome of a related case. SAppx 2. The administrative judge granted Oram's request and stated that he could refile his appeal between October 5, 2021 and January 29, 2022. *Id.* The administrative judge's initial decision became the decision of the Board on October 4, 2021. *Id.*

Subsequently, Oram appealed to this court, arguing, among other things, that the Board had "disdain" for *pro se* appellants and that the "agency concealed evidence." Appellant's Br. (cont.) 4, 6, 8.

---

[1] All SAppx citations refer to the supplemental appendix filed concurrently with the government's brief.

## DISCUSSION

As a threshold matter, we address whether we have jurisdiction to address Orem's appeal. We conclude that we do not.

Pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9), we have jurisdiction over a "final order or final decision" of the Board. Here, the dismissal without prejudice was not a final, appealable decision because it provided Oram the option to refile his claim. *See, e.g.*, *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) ("We have held that the final judgment rule applies to appeals from the Merit Systems Protection Board."); *Strausbaugh v. Merit Sys. Prot. Bd.*, 401 F. App'x 524, 526 (Fed. Cir. 2010) (nonprecedential) ("[T]he AJ's rulings on [appellant's] motions to dismiss without prejudice are not final, appealable orders because they leave [him] the option of refiling his claims."). Indeed, shortly after his appeal was dismissed, Oram refiled his claim and the administrative judge scheduled a hearing for May 17, 2022. SAppx 14–17. Accordingly, the dismissal did not "end[] the litigation on the merits" and "leave[] nothing for the court to do but execute the judgment," as required for finality. *Weed*, 571 F.3d at 1361 (quoting *Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001)). Because the decision was not final, we are without jurisdiction to address Oram's appeal.

## CONCLUSION

We have considered Oram's remaining arguments but find them unpersuasive. For the foregoing reasons, we *dismiss* his appeal for lack of jurisdiction.

**DISMISSED**