NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT J. MACLEAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1000

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-22-0590-W-1.

---

## ON MOTION

---

Before DYK, BRYSON, and PROST, *Circuit Judges.*

PER CURIAM.

## O R D E R

Robert J. MacLean moves for leave to proceed *in forma pauperis*, ECF No. 7, and for an "injunction of the [Merit Systems Protection] Board's temporary stay denial," ECF No. 2 at 1. The Board moves to dismiss this appeal for lack of jurisdiction. ECF No. 17. Mr. MacLean opposes.

Mr. MacLean has filed two whistleblower individual right of action ("IRA") appeals concerning his removal from the Department of Homeland Security. The first appeal, filed in December 2019, is currently being adjudicated by an administrative judge at the Board. In August 2022, Mr. MacLean filed this separate IRA appeal and sought to stay the removal action. To "conserve the resources of the parties" and to "promote administrative efficiency," ECF No. 17, Appx3, the administrative judge, on September 26, 2022, dismissed Mr. MacLean's second IRA appeal without prejudice subject to automatic re-filing after 60 days from the order. The administrative judge also denied the motion for a temporary stay of the removal. This petition followed.

This court lacks jurisdiction where there is no final Board decision or order to review. *See* 28 U.S.C. § 1295(a)(9); *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) ("We have held that the final judgment rule applies to appeals from the Merit Systems Protection Board."). As the Board notes, we have treated dismissals without prejudice subject to automatic reinstatement and denials of a stay as non-final decisions of the Board that are not immediately reviewable. *See Strausbaugh v. Merit Sys. Prot. Bd.*, 401 F. App'x 524, 526 (Fed. Cir. 2010); *Gardner v. Dep't of Treasury*, 64 F.3d 671 (table) (Fed. Cir. 1995) (rejecting argument that denial of a stay is final and immediately reviewable).

Although Mr. MacLean has not invoked the All Writs Act, 28 U.S.C. § 1651, with regard to his request for injunctive relief, we may treat his appeal and that motion, in the alternative, as a request for mandamus relief under § 1651. Doing so, we do not find mandamus relief to be available. "As the writ [of mandamus] is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue": the petitioner must show (1) there is "no other adequate means to attain the relief he desires," (2) the "right to issuance of the writ is clear and

MACLEAN v. DHS                                          3

indisputable," and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted). Mr. MacLean can raise his arguments concerning the unlawfulness of his removal or errors in the handling of his appeal before the Board through the regular review process and therefore has an adequate alternative means to obtain such relief. Moreover, the United States Supreme Court has rejected as a general proposition that temporary loss of income or reputational damage resulting from a removal action are sufficient to establish the irreparable harm needed to grant a federal employee temporary injunctive relief. *See Sampson v. Murray*, 415 U.S. 61, 90–91 (1974). In light of that precedent, we also cannot say that Mr. MacLean has shown a clear and indisputable right to relief.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for review is dismissed.

(2)  All pending motions are denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

December 23, 2022                    /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court